### F. J. CORTINA v. STATE.

184 So. 838.
Division A.
Opinion Filed December 2, 1938.

269

*Fred Pine* and *Ernest E. Roberts,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

THOMAS, J.—Plaintiff in error, who was convicted of violation of Chapter 16087, Acts of 1933, claims that error was committed by the trial court in not quashing the information which contained four counts, identical except for the dates of the alleged offenses.

The allegations are in the following form:

"ALBERT D. HUBBARD, Acting County Solicitor for the County of _____, prosecuting for the State of Florida, in the said County, under oath, information makes that _____, of the County of _____ and State of Florida, on the _____ day of _____ in the year of our Lord, one thousand nine hundred and thirty-seven, and within two years from the date of the filing of this information, in the County and State aforesaid, did then and there unlawfully and feloniously sell, barter, exchange, give away and otherwise dispose of a narcotic drug, to-wit: morphine, a better and more particular description and amount of said narcotic drug being to the Acting County Solicitor unknown, to _____, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."

It is insisted that the various counts are fatally defective because: (1) it was not alleged that the amount sold was more than ½ grain; (2) it was not stated that the drug was dispensed within forty-eight consecutive hours; (3) no statement was made of the knowledge by the defendant that some one would be provided with more than ½ grain of morphine within forty-eight consecutive hours; and (4) in

each count it was charged that the product was sold *and* given away.

Plaintiff in error assumes that the formal charges were based on the part of the Act, Section 3397 (9), paragraph 3, subsection a, Perm. Sup. C. G. L. 1927, Vol. 3, denominated conditions to which certain exemptions are subject.

Section 3397 (3) prohibits the manufacture, possession, control, sale, prescription, administering, dispensing or compounding of any narcotic drug, except as authorized by law.

The following sections set out the circumstances under which such drugs may be lawfully dispensed by wholesale dealers, apothecaries, physicians, dentists, veterinarians and those who by reason of training and the positions they occupy are fitted to use narcotics for good as distinguished from those who might use them for evil.

Section 3397 (9), *supra,* provides that the law shall not apply to those prescribing, administering, dispensing or selling at retail any medicinal preparation that contains a maximum of certain drugs or preparations for external use. Then it casts about these exemptions conditions which if violated by those exempted will make them amenable to the law. As an illustration of the general intent of the statute, we mention here paragraph 3 of Section 3397 (8), placing the duty on any person who has obtained the forbidden drug for a patient to return the unused portion to the one prescribing it.

We cannot agree with the plaintiff in error that he has been brought to account for a violation of a condition restricting the dispensation of medicinal preparations and ointments for external use. If he was in position to take advantage of the exceptions in the act the burden was his to present such a defense. Sec. 19 of Chapter 16087, *supra.* This seems to dispose of the first three objections to the information, adversely to contention of plaintiff in error.

The remaining one is the combination of the words "sell, barter, exchange, give away and otherwise dispose of," which it is urged is duplicitous.

This is not sound and we think it only necessary to cite the ruling of this Court in Strobhar v. State, 55 Fla. 167, 47 South. Rep. 4, as authority to overrule plaintiff in error's fifth objection.

The judgment of the Criminal Court of Record is affirmed.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.