## SIDNEY GURR v. STATE OF FLORIDA

7 So. (2nd) 590                                    Division B
March 6, 1942                    Rehearing Denied April 10, 1942

Burton G. Henson, for petitioner.

J. Rex Farrior and W. B. Dickenson, for respondent.

CHAPMAN, J.:

On September 10, 1940, Sidney Gurr, the petitioner, was informed against in the Criminal Court of Record of Hillsborough County, Florida, in four counts, for practicing dentistry without first having obtained a certificate from the Florida State Board of Dental Examiners, contrary to the several provisions of Chapter 14708, Acts of 1931, Laws of Florida. Counts

two, three and four were withdrawn from the jury and the issues submitted under the first count. The jury reached a verdict of guilty; a motion for a new trial was made and by the trial court denied; and the defendant below was sentenced to pay a fine of $250.00, and costs, or be confined to the county jail at hard labor for a period of ninety days. He was further sentenced to confinement in the county jail at hard labor for a period of six months, which six month's sentence was suspended.

An appeal was perfected from said judgment to the Circuit Court of Hillsborough County, sitting as an appellate court, and on September 26, 1941, the judgment of the Criminal Court of Record was after hearing affirmed, with modifications. A petition for rehearing was denied by the Circuit Court under date of October 29, 1941. From the judgment of affirmance entered by the circuit court a petition for a writ of certiorari has been presented to this Court and several assignments of error argued and asserted for a reversal of the said judgment.

It is contended that count one of the information and the bill of particulars filed by the State fail to state or charge a crime within the inhibitions of Section 2 of Chapter 14708, Acts of 1931. Section 2 defines the practice of dentistry in the State of Florida and is viz:

"Section 2. Any person shall be regarded as practicing dentistry or dental surgery within the meaning of this Act who is manager, proprietor, operator or conductor of a place for performing dental operations, or who, for a fee, salary or other reward paid or to be paid either to himself or to another person, performs or advertises to perform dental operations of

any kind, diagnoses or professes to diagnose, or treats or professes to treat, any of the diseases or lesions of the oral cavity, teeth, gums or maxillary bones, mechanically, medicinally, or by the use of Roentgenograms, or other scientific or mechanical device, or shall prepare to fill cavities in human teeth, correct malpositions of teeth, or of jaws, or apply artificial teeth as substitutes for natural teeth, or administer anaesthetics, general or local, or any other practice included in the curriculum of recognized dental institutions or colleges. Nothing in this Act shall apply to any commissioned officer of the United States Army, Navy, or Marine hospital service in the discharge of his official duties, or to persons doing laboratory work on inert matter only, nor shall this Act prevent any person from extracting teeth without the use of local or general anaesthetics."

Count one charges that the defendant, on the 26th day of September, 1939, "With force and arms at and in the County of Hillsborough, did then and there unlawfully practice dentistry without first having secured a certificate from the Florida State Board of Dental Examiners." The defendant below made no pretentions of holding a certificate from the Dental Board, and there is not a great conflict in the testimony adduced by the State and the defendant. The defendant took an impression of the lower gums of Mrs. Mattie Swint, and in so doing employed the apparatus and materials usually used by a dentist and charged for the plate the sum of $15.00, and made adjustments of the plate in order to obtain a satisfactory fit. Other State witnesses testified that the defendant made plates for others and adjusted the same and received compensation therefor. These

facts were not denied by the defendant when on the stand.

It was defendant's contention that, although he was not a licensed dentist, he was a laboratory technician and fell within the exceptions of the Act applicable to commissioned officers of the United States Army, Navy or Marine service in the discharge of official duties, or *to persons doing laboratory work on inert matter only,* and for this reason the information was fatally defective because it failed to negative the statutory exceptions in the Act. Several Florida cases were cited to sustain this view. We have a rather close point presented and some of our decisions could possibly be so construed, but not the recent decisions of this Court since the enactment of the Criminal Code. See Sections 113, 118 and 120 thereof (Chapter 19554, Acts of 1939). We hold the count good as against the assaults made.

It is next contended that the State failed to adduce testimony to establish that the defendant took the measurements or impressions of the several witnesses. We have read the testimony in light of the contention made and observe that there is a dispute or conflict on this issue. The defendant's testimony was clear that he did not take the impressions, but other testimony appears in the record from which it may be inferred that he did take the measurements and impressions and made minor adjustments so as to obtain satisfactory fits. We think this was a jury question under appropriate instructions.

It is next contended that the trial court erred in denying a continuance of the trial of the case until the next or special term of the court, because of the illness of the defendant, which was established by the

certificate of Dr. Crum under date of January 13, 1941. The law is settled on this point. A continuance of a criminal case rests in the sound judicial discretion of the trial court, subject to reversal for an abuse thereof, from a consideration of all the facts appearing in the record. If the writer had been acting as the trial court, it is very likely that an order of continuance would have been entered, but the condition of the docket, the parties, and the controversy were properly presented, and a ruling entered and we do not feel justified in holding that the trial court abused its discretion. An indisposed man, advanced in age, having resided for many years in the county, and possessing the earmarks of good citizenship are matters that speak volumes in seeking a postponement for a few days. We cannot hold the trial court in error on this ruling. See Hysler v. State, 132 Fla. 209, 181 So. 354.

Dr. Fred M. York was called as a witness for the State and testified from an examination of the records of the Dental Board the defendant below did not have a certificate to practice dentistry. Counsel for the defendant, on cross examination, went thoroughly into many items incident to the practice of dentistry and propounded to the witness, Dr. York, a question, viz:

"Q. Yes, sir. Then would you say that these teeth that are made through mail order houses, from the outside—a human being couldn't possibly get good teeth under the law of averages?"

And the witness answered, viz.:

A. "They couldn't have teeth as satisfactory as they can be made if the proper kind of impression was made; notwithstanding they won't have some-

thing they can't wear. I might say this, however; that the Federal Trade Commission and the Postoffice Department both have issued fraud orders against the principal people who are making these things by mail, and if you will get their report and read it you will find how they did it as a protection to people who are buying the things, because they said they couldn't be made that way. That kind of business there isn't being done any more because the Federal Trade Commission and the Postoffice Department stopped them."

It is here contended that this testimony constitutes reversible error. We fail to find an objection to the testimony, or a motion to strike, or a ruling of the court thereon. If speculation is recognized, it is reasonable to assume that the jury was influenced by this improper statement. It was not offered by the State, but by the defendant on cross examination. If the assignment is sustained, it will mean that the defendant profited by his own improper conduct during the progress of the trial. Counsel for the defendant alone is responsible for the objectionable testimony appearing in the record. The defendant by his conduct is estopped in this Court from accepting the benefits of the alleged error.

We have considered the entire charges or instructions given by the trial court. While in one or two instances improper charges were given when considered, separately and alone, but when considering the charge as an entirety, the same substantially covers the law and is free from error. We fail to find error in the record and accordingly the petition for writ of certiorari is hereby denied.

BROWN, C. J., TERRELL and THOMAS, JJ., concur.

ON PETITION FOR REHEARING

CHAPMAN, J.:

On petition for rehearing it is pointed out that prejudicial error to the petitioner was being overlooked by a failure of this Court to grant a new trial because of the testimony given by Dr. Fred M. York, a member of the State Board of Dental Examiners of Florida, who was adduced by and gave testimony in behalf of the prosecution. The testimony on which a reversal is urged was developed on cross examination by counsel for the petitioner. It appears in the transcript of the record from pages 58 to 67, and is in part set out in the original opinion. The truth or falsity of the entire testimony as given by the witness is not for this Court to determine, but it is a question of fact to be decided by the jury, along with all other testimony adduced under appropriate instructions.

In a review of the entire record we fail to find any evidence or any reasonable deduction therefrom to the effect that counsel for the petitioner was derelict in his professional duties or in any manner whatsoever failed to measure up to all requirements with reference to asserting the legal rights of his client in the case at bar. The record is presented in an approved manner, an able argument was heard at the bar of this Court, an exhaustive brief filed which has proved of inestimable value in reaching a conclusion of this controversy. We are without legal authority to determine whether or not any witness giving testimony committed perjury. It is the province of the jury, under our system, to pass upon and settle such disputes and conflicts in the testimony.

The petition for rehearing is hereby denied.

BROWN, C. J., TERRELL, and THOMAS, JJ., concur.