69 So.2d 766 (1953)
WILLIAMS
v.
STATE.
Supreme Court of Florida. Division B.
December 8, 1953.
Rehearing Denied February 13, 1954.
*767 Sam E. Murrell and Sam E. Murrell, Jr., Orlando, for appellant.
Richard W. Ervin, Atty. Gen., and Mark R. Howes, Asst. Atty. Gen., for appellee.
DREW, Justice.
Robert Williams was tried before a jury in the Criminal Court of Record of Polk County, Florida, with one Lorus Argie Young, a codefendant, and was found guilty on all six counts of an information charging offenses involving the lottery laws.
This appeal involves only the defendant Williams, the appellant here.
The six counts charged in substance that appellant, on April 19, 1952, and at divers times between April 1 and April 20, 1952, unlawfully did: 1. Conspire to set up a lottery; 2. promote a lottery; 3. sell lottery shares; 4. conduct a lottery; 5. have an interest in a lottery by "having in his possession certain books, records and accounts containing and showing the shares and interests sold" by appellant; 6. have possession of lottery tickets.
Upon the jury verdict of guilty, the court imposed six concurrent one-year sentences, in the county jail on counts 1, 3 and 6, and in the state prison on counts 2, 4 and 6, with no judgment and sentence imposed on count 5.
Where a defendant is convicted under the lottery laws, Section 849.09, F.S., as amended by Chapter 26765, Section 1, Laws of Florida 1951, F.S.A. § 849.09, on two or more counts involving both misdemeanors and felonies, only one sentence is applicable, that sentence being on the highest degree of the offense. Mixon v. State, Fla., 1951, 54 So.2d 190. The trial court did not follow that rule in the several concurrent sentences imposed; but, inasmuch as the instant judgments and sentences on counts 1, 3 and 6 pertain to misdemeanors, appellate jurisdiction lies only to the Circuit Court of Polk County, Florida; and this Court therefore has no jurisdiction to review them, Sections 5 and 11, Article 5, Constitution of Florida, F.S.A.; Section 924.08, F.S. 1951, F.S.A., except to order a proper judgment or sentence by reason of the fact that misdemeanors and felonies are charged in different counts of the same information charging variations of only one offense. The three one-year sentences imposed in the state prison should be set aside and one sentence for one year in the state prison should be imposed for the highest offense. Young v. State, opinion filed, Fla., 69 So.2d 761, and authorities therein cited.
On count 6 the court imposed duplicate sentences. Obviously, the one year sentence in the state prison on count 6, a misdemeanor, is void, and we so hold. Mixon v. State, supra.
*768 Why the court imposed no judgment or sentence with reference to the jury verdict of guilty as to count 5 does not appear from the record. In any event, trial court action on count 5 is not before us on this appeal.
Counts 2 and 4 remain for consideration. Count 2 in substance alleges that on April 19, 1952, and at divers other times between April 1 and 20, 1952, the appellant unlawfully did "set up and promote a lottery * * *." Count 4 is in substance the same, except it is alleged that appellant at said times unlawfully did "conduct a lottery for money, and by means of a lottery did dispose of money; * * *." The counts obviously were drawn under F.S. 1951, Section 849.09(1), subparagraphs (a) and (b), respectively, F.S.A.; and these counts charge variations of but one offense. Mixon v. State, supra.
Appellant here questions the sufficiency of the evidence to sustain the conviction on counts 2 and 4. Appellant's codefendant at the trial, Lorus Argie Young, took a separate appeal. The pertinent facts of the instant case are set forth fully in the opinion rendered in the companion appeal in Young v. State, Fla. 1953, supra.
If it was properly before the jury, it is our view that the written confession of the appellant Williams made on April 19, 1952, coupled with the surrounding circumstances proved by the State, provides a sufficient basis to sustain the jury verdict of guilty of the offenses charged in counts 2 and 4 of the information.
Appellant contends that the written confession was erroneously received in evidence. Before receiving the confession, the Court heard the testimony of appellant out of presence of the jury. Appellant testified that he could barely read and write, didn't understand what he was signing, and that a deputy sheriff told him, "It'll make it easier, if you tell me the truth." But he also testified that before his signing of the statement it was read to him and he caused several changes to be made where it did not speak the truth. He further testified that there was read to him before his signing the recital contained in the statement to the effect that before signing he understood it could be used against him and that it was made so the truth would be known. Further, the appellant's only ground of objection to its admissibility was that the "statement is prejudicial." Under these and the other circumstances shown in the record no abuse of discretion appears in admitting the confession into evidence.
Appellant urges error in the trial Court's denying his motion for severance. This motion was made orally to the Court at the beginning of trial on September 11, 1952, which trial date had been set several weeks previous. The record contains neither explanation for delay in making of the motion nor a showing that appellant was prejudiced by denial thereof. The trial Court's action under the circumstances was not error. See Brunke v. State, 160 Fla. 43, 33 So.2d 226; Ballard v. State, 31 Fla. 266, 12 So. 865.
Appellant asserts error in the trial Court's denial of his motion for mistrial after a State's witness, being cross-examined by appellant's counsel, made several disparaging remarks to and about such examining counsel. The record discloses that the objectionable matter was expressed by the witness only after being provoked by appellant's counsel on the cross examination, and the trial court found that these asserted "inflammatory remarks" were responsive to questions asked by the defense counsel. Appellant cannot here obtain benefit from his conduct inviting error. See Gurr v. State, 150 Fla. 65, 7 So.2d 590.
We have examined the other assignments of error and found them wholly without merit.
Affirmed, but with directions to impose a proper sentence in accordance with this opinion.
ROBERTS, C.J., and THOMAS and MATHEWS, JJ., concur.