HENDRY, Judge.
The appellant, James Lloyd Byrd, and six other defendants were indicted for the crime of rape. After trial by jury, Byrd was found guilty and so adjudicated, and, a majority of the panel having recommended him to the mercy of the court, he was sentenced to life imprisonment.
This is a companion case to Woodside v. State, Fla.App.1968, 206 So.2d 426, and the facts therein reported are substantially the same.
 Appellant presents two points for reversal. Appellant’s first contention is that the trial court erred in denying his motion for severance. As was stated in Reddick v. State, Fla.App.1966, 190 So.2d 340,
“An application for severance is addressed to the trial court’s sound discretion and the order thereon will not be reversed except for palpable abuse of judicial discretion.”
On appeal, the burden of showing the abuse of judicial discretion is cast upon the appel *431 lant. Jackman v. State, Fla.App.1962, 140 So.2d 627. We are of the opinion that appellant has failed to carry that burden here.
The second point raised by the appellant concerns certain statements, made during the course of the trial by the trial judge, which statements, it is contended, were comments on the evidence, hence error. Assuming for the purpose of the discussion that these statements were comments on the evidence, appellant has nonetheless failed to show that these comments constituted harmful error. This being so, the contention is meritless. See § 54.23, Fla.Stat., F.S.A., and Tanner v. State, Fla.App.1967, 197 So.2d 842.
No prejudicial error has been made to appear. Accordingly, for the reasons above expressed we affirm.
Affirmed.