232 So.2d 166 (1970)
The STATE of Florida, Appellant,
v.
John Henry KAHLER, Appellee.
No. 37164.
Supreme Court of Florida.
February 25, 1970.
*167 Richard E. Gerstein, State's Atty., and Charles D. Edelstein, Asst. State's Atty., for appellant.
Charles M. Demos, Miami, for appellee.
BOYD, Justice.
This cause is before us on appeal from the Criminal Court of Record for Dade County. That Court made an oral announcement quashing an information because grounded on an unconstitutional statute. The State appealed and this Court, in an opinion filed May 28, 1969,[1] relinquished control of the cause to the trial court temporarily for the purpose of enabling the Judge to enter an order stating specifically the basis on which he intended to rule. On remand, the trial court entered an order holding subsection (2) of Florida Statutes § 500.151, F.S.A.[2] unconstitutional, stating:
"Subsection 2 contains a statutory presumption to the effect that the possession of a drug; e.g., Librium, when it is not properly labeled to indicate that the possession is by a valid prescription of a practitioner licensed by law to administer said drug shall be prima facie evidence that such possession is unlawful.
"Therefore, possession of a drug, such as Librium, without being properly labeled, would be sufficient evidence to authorize conviction, inasmuch as the presumption enables a jury to infer that such possession is unlawful. This, of course, compels the defendant to present evidence to overcome the presumption, notwithstanding defendant may have obtained the drug by lawful means.
"* * *
"Adverting to the test that there be a rational connection between the facts proved and the fact presumed, it is apparent that the fact of possession of a drug, such as Librium, without possessing simultaneously therewith proof of a `proper label' does not raise an inference that such possession is unlawful.
"* * * Therefore, it is the holding of this Court that the statutory presumption is arbitrary and irrational and, hence, unconstitutional and denies to the defendant due process of law as guaranteed by both the Constitutions of the State of Florida and the United States of America. Further, the presumption compels the defendant to take the witness stand or produce evidence, or he may be convicted, notwithstanding his innocence. Therefore, the Court also holds the presumption unconstitutional in that defendant's fundamental right to remain silent is abridged."
Since the trial court passed directly on the validity of a state statute, this Court has jurisdiction under § 4 of Article V of the Florida Constitution, F.S.A.
In Falcon v. State,[3] this Court considered and rejected a similar attack on a portion of the Narcotic Drug Act, holding:
"Florida Statutes § 398.03, F.S.A., makes it unlawful to possess any narcotic drug except as authorized by Chapter 398. Some of the exceptions specified in Chapter 398 are licensed manufacturer, wholesaler, apothecary, physician, dentist, veterinarian, person in charge of hospital or medical laboratory, master of ship, or person in charge of an aircraft, *168 government agent in the course of his duties. The State cannot be required to prove the nonexistence of each exception. These matters are properly part of the appellant's case. He has the prerogative of establishing his exempt status under Chapter 398 in defense of prosecution under that Act."[4]
A number of Florida decisions hold that criminal statutes may provide exceptions to be negatived by the defendant.[5] The Federal Circuit Court of Appeals in Burge v. United States[6] upheld a conviction under 21 U.S.C. § 174 which prohibits the importation of certain drugs as well as the receipt, concealment or transportation of the illegally imported drug. Under that Act if the defendant is shown to have or have had the possession of the narcotic drug, the possession is deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury.[7]
The law requires that the State prove each element of a criminal offense charged. The State is not required, however, to anticipate defensive matters or exceptions and negative them. The obvious result of such a requirement would render prosecution under our criminal laws unfeasible, if not impossible.
Under Florida Statutes § 500.151 (2), F.S.A., possession of any drug described in subsection (1) without a label indicating a valid prescription is "prima facie evidence that such possession is unlawful." Prima facie evidence is evidence sufficient to establish a fact unless and until rebutted.[8] On proof by the State that the defendant had possession of a drug specified in subsection (1), without a label indicating a valid prescription, the burden of going forward with the evidence then shifts to defendant to show that his possession was under a valid prescription or that he was otherwise exempted from operation of the Act.
The Legislature in its wisdom has seen fit to relieve the State of the impossible burden of affirmatively proving a negative; to-wit: the nonexistence of a prescription.
Although the possession of drugs by any person contrary to the above provision of the Statute is prima facie evidence of illegality, this evidence may be overcome by the showing of the person in possession of said drugs that they were lawfully prescribed by a licensed practitioner. No other proof is needed.
Criminal acts declaring one fact prima facie evidence or presumption of another are frequent. Their purpose is not to relieve the State of the burden of proof, but to allow the establishment of a prima facie case.[9] Constitutional guarantees are not violated as long as there is a rational connection between the fact proven and the ultimate fact presumed and reasonable opportunity is afforded to rebut the presumption.[10]
*169 In the instant case, the lower court found that the relationship between the fact of possession without a label and the presumed fact of unlawful possession "is so strained as not to have a reasonable relation to the circumstances of life as we know them." We recognize that valid users of the drug may lose labels, carry pills without the prescription bottle, etc., but these incidents do not render the Act arbitrary.
The Statute must be interpreted to effectuate the intent of the Legislature. Absurd and strained construction allowing prosecution of valid prescription holders will not be tolerated. The intent of the legislation is to prohibit the unauthorized and unprescribed use of and traffic in habit-forming, toxic, harmful or new drugs.
Accordingly, the judgment of the lower court is reversed and the cause remanded for further proceedings consistent herewith.
It is so ordered.
ERVIN, C.J., and DREW, CARLTON and ADKINS, JJ., concur.
NOTES
[1] 224 So.2d 272 (Fla. 1969).
[2] Fla. Stat. § 500.151(2), F.S.A.: "The possession of a drug under subsection (1) not properly labeled to indicate that possession is by a valid prescription of a practitioner licensed by law to administer such drug by any person not exempted under this section shall be prima facie evidence that such possession is unlawful."
[3] 226 So.2d 399 (Fla. 1969).
[4] Id. at 401.
[5] See e.g., Gurr v. State, 150 Fla. 65, 7 So.2d 590 (1942); Cortina v. State, 135 Fla. 268, 184 So. 838 (1938); Buchanan v. State ex rel. Hunt, 171 So.2d 186 (Fla.App.3rd 1965); Benitez v. State, 172 So.2d 520 (Fla.App.2nd 1965).
[6] 333 F.2d 210, rehearing 342 F.2d 408 (C.A.9 1963), cert. denied 382 U.S. 829, 86 S.Ct. 63, 15 L.Ed.2d 72 (1965).
[7] 21 U.S.C. § 174: "Whenever on trial for violation of this section the defendant is shown to have or have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."
[8] 13 Fla.Jur. Evidence § 4 (1957).
[9] 13 Fla.Jur. Evidence § 12 (1957).
[10] Black v. State, 77 Fla. 289, 293, 81 So. 411, 413 (1919); 6 Fla.Jur. Constitutional Law § 124 (1956).