PER CURIAM.
By this criminal appeal, the defendants raise several questions relating to: (1) The failure of the trial judge to grant a severance upon a pre-trial motion; (2) The failure to grant a mistrial because of alleged prejudicial comments by the State’s witness; and (3) Alleged irregularity in the admission of certain evidence which had been previously identified. We affirm.
It is within the discretion of a trial judge to grant a severance and it is incumbent upon an appellant, when urging error on this ground, to demonstrate an abuse of this discretion. Jackman v. State, Fla.App.1962, 140 So.2d 627; Byrd v. State, Fla.App.1968, 206 So.2d 430. This record fails to reveal any abuse of discretion by the trial judge at the time of the pre-trial motion for severance, which motion was not renewed during the progress of the trial.
Prejudicial statements, which were stricken by the trial judge, from the prosecution’s witness were invited by questions from counsel 'for the defendants on cross-examination. Therefore, no error has been made to appear in this regard. Gurr v. State, 150 Fla. 65, 7 So.2d 590; Williams v. State, Fla.1953, 69 So.2d 766; Tribue v. State, Fla.App. 1958, 106 So.2d 630.
During the course of the trial, certain tangible evidence was identified. Immediately upon the State resting its case, it moved that the exhibits previously identified be marked in evidence. This was done in the presence of the jury. No objection as to the admissibility was made as to the irregularity in the time sequence for introduction and, although it may have been a technical error to mark them at this time in evidence, it was done in front of the jury after the evidence had been previously identified before the jury. Therefore, we do not find this to be harmful error. Simpson v. State, Fla.App.1968, 211 So.2d 862; Scarpati v. State, Fla.App.1969, 224 So.2d 335; § 924.33, Fla.Stat., F.S.A.
Therefore, for the reasons above stated, the jury verdicts, judgments of conviction, and sentences thereon be and the same are hereby affirmed.
Affirmed.