243 So.2d 595 (1971)
STATE of Florida, Petitioner,
v.
Manuel TALAVERA, Respondent.
No. 39259.
Supreme Court of Florida.
January 20, 1971.
*596 Robert L. Shevin, Atty. Gen., Horace A. Knowlton, III, and Thomas B. Calhoun, Asst. Attys. Gen., for petitioner.
Robert W. Rawlins, Public Defender and John M. Gilbert, Asst. Public Defender, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Second District, reported at 227 So.2d 493. Conflict is alleged with Suarez v. State, 95 Fla. 42, 115 So. 519 (1928).
Respondent, hereinafter referred to as defendant, was convicted of robbery and sentenced to twenty-five years' imprisonment. He was jointly tried with another who was involved in the robbery in question. On appeal, defendant assigned as error the trial court's denial of his motion for severance. In the motion for severance, defendant alleged, inter alia, that he intended to call his codefendant to the stand as a witness in his behalf. The motion was not supported by any facts relevant to this intention. On his appeal, defendant urged that the denial of the motion for severance was error because it prevented him from exercising his constitutional right to summon witnesses on his behalf.
The District Court affirmed the conviction but remanded with directions for the purpose of allowing the trial court to determine after hearing, if necessary, whether the evidence sought to be elicited by the defendant, Talavera, from his codefendant would have been relevant, substantial and not unduly cumulative. The District Court directed that if the trial court made an affirmative determination that the evidence from the codefendant would have been relevant, substantial and not unduly cumulative, then the conviction should be set aside and a new trial awarded.
This Court's jurisdiction is based on conflict with Suarez, supra, and other cases holding that the granting of a motion for severance is discretionary with the trial judge and the burden is on one who urges error to demonstrate an abuse of this discretion. In the instant case there were no facts given in the motion for severance, no allegations regarding what testimony would be elicited from the codefendant, no assurance by affidavit or otherwise that once the severance was granted the codefendant would be willing to testify and nothing in the record to indicate that the trial court abused its discretion in denying a severance. Under these circumstances, the holding of the District Court affirming the conviction on one hand but remanding for a hearing on the question of severance and possible retrial on the other, has, in effect, shifted the burden to the State to show that there was no abuse of discretion in denying the motion for new trial. This conflicts with the settled law in Florida that the burden is on one seeking to upset the trial court's ruling on severance to show an abuse of discretion.
The District Court of Appeal, Third District, in a decision rendered after the District Court's decision in the Talavera case, was confronted with a similar situation. In Rodriguez v. State, 237 So.2d 772 (Fla. App.3rd 1970), two defendants accused of narcotics violations sought separate trials on the ground that they intended to call each other as witnesses. The trial judge refused the severance and the District Court affirmed stating:
"It is within the discretion of a trial judge to grant a severance and it is incumbent upon an appellant, when urging error on this ground, to demonstrate an abuse of this discretion. Jackman v. State, Fla.App. 1962, 140 So.2d 627; Byrd v. State, Fla.App. 1968, 206 So.2d 430. This record fails to reveal any abuse of discretion by the trial judge at the time of the pre-trial motion for severance, which motion was not renewed during the progress of the trial."
*597 This Court recognizes the fundamental nature of the right of one accused of a crime to call witnesses on his own behalf. We hold that a severance shall be granted, in accordance with Rule 1.190(j), F.Cr.P. 33 F.S.A. when one of several codefendants files a bona fide motion based on necessity rather than mere convenience, which motion shows: (1) the exculpatory nature of the testimony to be elicited from a codefendant; (2) is accompanied by some assurance that the codefendant is willing to testify; (3) sets out the facts indicating that the codefendant would not be willing to testify at a joint trial; (4) clearly indicates that the testimony sought from the codefendant is relevant, material, competent and noncumulative. The foregoing information is necessary in order that the trial court may properly evaluate the motion and prevent the misuse of severance by codefendants as an alibi-swapping device.
We have carefully examined the motion for severance and find it inadequate and nothing in the record before us indicates that the trial court abused its discretion in denying a severance.
Accordingly, petition for writ of certiorari is issued, the decision of the District Court, insofar as it affirms the conviction, is affirmed, and in all other respects, quashed.
It is so ordered.
ERVIN, Acting C.J., and CARLTON, ADKINS and McCAIN, JJ., concur.