Manuel TALAVERA, Petitioner-Appellee,

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellant.**

No. 72–2204

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1972.

Rehearing Denied Nov. 15, 1972.

Robert L. Shevin, Atty. Gen., P. A. Pacyna, Asst. Atty. Gen., Tampa, Fla., for respondent-appellant.

Grover C. Freeman, Tampa, Fla., for petitioner-appellee.

Before JOHN R. BROWN, Chief Judge, GOLDBERG and MORGAN, Circuit Judges.

GOLDBERG, Circuit Judge:

This habeas case involves the right of a defendant in a state criminal prosecution to demand severance from joint trial with codefendants. The United States District Court for the Middle District of Florida granted relief, holding that on the facts of this case the defendant's constitutional rights were impermissibly derogated by the state trial judge's summary denial of his motion for severance and by the Florida Supreme Court's affirmance. We find that a defendant in a criminal prosecution must at some point in the trial be given the opportunity effectively to assert the substantial constitutional claims regarding severance that he has raised. We hold that petitioner was here denied that right, both by the summary character of the denial and by the retroactive increasing of the requirements by which the State of Florida tests a motion for severance, and we affirm.

Petitioner-appellee, Manuel Talavera, was tried in Florida state court on a charge of robbery; named with him in the information were two co-defendants, Henry Lavado and Jose Castillio. On April 14, 1967, appointed counsel for petitioner filed several pre-trial motions, one of which was a motion for severance that is reproduced below in a footnote.[1]

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

1.     *"Motion for Severance*
"The Defendant, MANUEL TALAVERA, moves this Honorable Court to sever his trial in this cause from that of

Without further investigation, without conducting a hearing, and without any sort of formal opinion or order, the state trial judge denied the motion.

During the trial, petitioner sought to call as a witness the co-defendant from whom he had sought a severance, but that co-defendant successfully invoked his right to decline to testify. At the conclusion of the trial the jury returned a verdict of guilty, and petitioner was sentenced to twenty-five years imprisonment.

An appeal to the District Court of Appeals of Florida was prosecuted. That court affirmed the conviction, Talavera v. State, 227 So.2d 493 (Fla.App., 1969), but it ordered the trial court to conduct an investigatory hearing to determine "whether the evidence sought to be elicited by the defendant from his co-defendant would have been relevant to his defense, of substantial use to him and not unduly cumulative." *Id.* at 498. If an affirmative answer was reached, the trial court would be required to grant petitioner a new trial.

Before the hearing could be held, however, the State of Florida successfully petitioned the Supreme Court of Florida for a writ of certiorari. State v. Talavera, 243 So.2d 595 (Fla., 1971). That court also affirmed the conviction, but it quashed the intermediate court's order requiring an investigation into the merits of petitioner's motion for severance. The court went further and mandated requirements that a defendant must allege and show in his motion for severance.

Petitioner then filed his federal application for a writ of habeas corpus. A United States Magistrate heard the application and recommended that it be granted. The United States District Judge adopted the magistrate's report *in toto*, from which action the State of Florida appeals.

Petitioner basically raises two objections to the manner in which his motion for severance was refused. First, he insists that the state has denied him due process of law by testing his motion against a stricter standard than that in effect at the time of his trial. Secondly, he complains that the summary character by which the state trial court denied the motion prevented him from effectively asserting a valid demand for severance. We agree with both contentions.

## I. RETROACTIVE APPLICATION OF THE NEW FLORIDA SEVERANCE STATUTE

The basic position taken by the Florida Supreme Court in this case was that petitioner had not met the requirements that would justify granting his motion and that the intermediate appellate court had erred when it "in effect, shifted the burden to the State to show that there was no abuse of discretion in denying the motion for new trial [based on the denial of the motion to sever]." Although in affirming the trial court's action the Florida Supreme Court recognized "the

the co-defendant, and as grounds therefor states as follows:

"1. That the co-defendant has apparently made certain exculpatory statements to the investigating officers in which Defendant's name was related, which statements if offered to the jury for consideration could not be admissible against the Defendant, MANUEL TALAVERA, even with a cautionary instruction, in light of the possible sentence that can be meted out if conviction were to result.

"2. During the course of the trial of this Defendant, he intends to call as a defense witness the Co-defendant, whose testimony would establish the innocence of this Defendant of the crime charged. A joint trial of the Defendants in this cause would preclude this Defendant from presenting to the jury all of the facts and circumstances surrounding the incident that is the subject matter of the charge of the indictment in light of the provisions of both the Federal and Florida Constitutions that would unquestionable (sic) be invoked by the Co-Defendant.

"3. The defense of the Defendants in this cause are antagonistic.

"4. Any evidence relating to the participation of the Co-defendant in the alleged crime, which may be offered in evidence during the trial, would be incompetent and prejudicial as to this Defendant.

"WHEREFORE, this Defendant moves that the Court sever the trial of the Defendants in this cause."

fundamental nature of the right of one accused of a crime to call witnesses on his own behalf", 243 So.2d at 597; *see also* Washington v. Texas, 1967, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019, the Florida court found that certain requirements must be met before a co-defendant can be made available for testimony by severance:

> "We hold that a severance shall be granted, in accordance with Rule 1.190 (j), F.Cr.P. 33 F.S.A. when one of several codefendants files a bona fide motion based on necessity rather than mere convenience, which motion shows: (1) the exculpatory nature of the testimony to be elicited from a codefendant; (2) is accompanied by some assurance that the codefendant is willing to testify; (3) sets out the facts indicating that the codefendant would not be willing to testify at a joint trial; (4) clearly indicates that the testimony sought from the codefendant is relevant, material, competent and noncumulative. The foregoing information is necessary in order that the trial court may properly evaluate the motion and prevent the misuse of severance by codefendants as an alibi-swapping device."

243 So.2d at 597.

Finding that petitioner had not met those standards,[2] the court quashed the order requiring an investigation into the merits of petitioner's demand for severance.

The Florida Supreme Court thus held petitioner to the standards of Rule 1.190, Fla.R.Crim.Proc.[3] 33 F.S.A. But that rule was not operative at the time of petitioner's trial; rather, petitioner was tried in 1967, when Fla.Stat.Ann. § 918.-02 was still in effect.[4] Petitioner thus could be held only to the standards of § 918.02, and that statute on its face demands less of the movant than does Rule 1.190.[5]

Because the state trial court gave no reasons for denying petitioner's motion for severance, we can only assume that the denial was justified on the reasoning employed by the Florida Supreme Court —that is, that the trial court denied the motion because it did not meet the demands of Rule 1.190 as later interpreted by the Florida Supreme Court.

We think it sufficient to repeat without lengthy citation what is now an axiom of American jurisprudence: The Constitution prohibits a state from retrospectively applying a new or modified law or rule in such a way that a person accused of a criminal offense

2. "In the instant case there were no facts given in the motion for severance, no allegations regarding what testimony would be elicited from the codefendant, no assurance by affidavit or otherwise that once the severance was granted the codefendant would be willing to testify and nothing in the record to indicate that the trial court abused its discretion in denying a severance."
243 So.2d at 596.

3. Rule 1.190, Pre-Trial Motions, reads in pertinent part:
"*(a) Pre-Trial Motions in General.* Every pre-trial and motion and pleading in response to a motion shall be in writing and signed by the party making the motion or the attorney for the party. . . . Each such motion or other pleading shall *state the ground or grounds on which it is based.* . . .
"*(j) Motion for Severance of Offenses or Defendants.* Upon motion of the State or a defendant, the court shall

order a severance of multiple offenses or defendants charged in a single indictment, information or affidavit and separate trials thereon *upon a showing that:*
(2) The movant is prejudiced by the joinder of offenses or defendants." (Emphasis added)

4. Although § 918.02 was not formally repealed until January 1, 1971, *see* Fla. Laws 1970, ch. 70–339, § 180, the current Florida rules of Criminal Procedure became effective January 1, 1968, and the adopting order of the Florida Supreme Court provided that conflicting rules and statutes were superseded. *See* Rule 1.190 (j) 33 Fla.Stat.Ann.

5. "When two or more defendants are jointly charged with an offense, whether felony or misdemeanor, they shall be tried jointly, unless the court in its discretion *on the motion of* the prosecuting attorney or any defendant, orders separate trials."
Fla.Stat.Ann. § 918.02 (emphasis added).

suffers any significant prejudice in the presentation of his defense. *See, e. g.,* Bouie v. City of Columbia, 1964, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894; Kring v. Missouri, 1883, 107 U.S. 221, 2 S.Ct. 443, 27 L.Ed. 506. The two severance rules involved here differ markedly, and by applying the newer version retrospectively, the state has cut off petitioner's right to present the merits of his motion for severance. The new rule requires the movant to state the grounds on which it is based and further requires "a showing" of prejudice. But the statute in effect at the time petitioner stood trial only *required* "a motion." We interpret that statute, and the state has cited to us no cases to the contrary, as having allowed movants to elaborate the grounds supporting their motions *after* filing. Petitioner claims that he relied on that interpretation of the old statute when he filed his motion, and he alleges that he would have presented valid reasons why the motion should have been granted if the state had only given him an opportunity to do so.

We do not purport to question the constitutionality of either statute; indeed, petitioner correctly admits that that question is not before us. We merely hold that a defendant in a state criminal prosecution is denied due process of law when any of his substantive rights are disposed of by the retroactive application of a statute or rule that was not in effect at the time he sought to exercise the right.

## II. SUMMARY DENIAL OF THE MOTION

██ Petitioner's second complaint is that the trial court that convicted him acted improperly in summarily denying his motion. Although our discussion above disposes of this appeal, we believe that this point deserves brief analysis. Under the view of the case set out above, we agree that due process of law is abrogated by the state's summary denial of a motion filed in the reasonable expectation that an opportunity for further elaboration would be allowed. Petitioner has been convicted without ever having had the opportunity to present the merits of his demand for severance. We do not hold that the state cannot require specific allegations in such a motion; nor do we hold that a summary denial of such a motion is always improper. We merely reiterate that the state cannot raise the requirements of such a motion retrospectively.

The state argues with some force that the granting or denial of a motion for severance rests within the sound discretion of the trial court. We do not disagree, but we do not see this case as one in which the trial judge considered the merits of the motion and then exercised his discretion to deny it. The Supreme Court of Florida pinioned its decision on respect for the trial court's discretion and on the shortcomings it saw on the face of the motion itself. But the District Court of Appeal of Florida agreed that "discretion" is one thing and the unexplained rejection of claims of constitutional dimension is another:

"The state argues that the granting *vel non* of a motion for severance is discretionary with the trial judge and that the burden of showing an abuse of such discretion is upon [the movant]. Ordinarily this is a sound contention. But the real issue here is the right to compulsory process; and the question of severance is involved only incidentally to the extent that severance may be the only expedient to protect such right. In such a case the matter of discretion is extremely limited if not entirely eliminated."

227 So.2d at 495.

The complexity of this case is multiplied by the fact that the trial judge did not state his reasons for denying the motion. After studying the Florida Supreme Court's opinion, we can only conclude that the denial was caused, at least in part, by petitioner's failure to satisfy Rule 1.190. It is this application of law that we find constitutionally infirm. We thus hold that on the facts of this case the "old" statute should have been applied and that therefore petitioner was improperly prevented from presenting the merits of his motion. Since petitioner's

motion did not satisfy the "new" requirements, on these facts he should have been granted a hearing or allowed to file supporting evidence before the trial judge acted on the motion.

We intimate no view regarding the constitutionality of Rule 1.190, which the Florida Supreme Court has interpreted as allowing a summary denial of motions for severance if its four requirements are not met.

Affirmed.