336 So.2d 1200 (1976)
Weil S. KING, Appellant,
v.
STATE of Florida, Appellee.
No. 75-968.
District Court of Appeal of Florida, Second District.
August 27, 1976.
Rehearing Denied October 1, 1976.
*1201 Warren M. Goodrich, Holland & Knight, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant/defendant brings this timely appeal from a judgment of guilty on each of ten counts of bad faith delivery of narcotics by a prescription. He was sentenced to serve five years on each count in the state penitentiary, sentences to run consecutively.
Appellant was charged by information with violation of the Florida Comprehensive Drug Abuse Prevention and Control Act, Chapter 893, Florida Statutes. Each count charged a separate delivery of a controlled substance:
that WEIL S. KING, N.D... . did unlawfully deliver a drug substance controlled by Chapter 893 of the Florida Statutes, to-wit: [sic] METHAQUALONE, to MANCHINCO HUDSON, by use of a written order for said drug substance not issued in good faith and in the course of his professional practice... [emphasis supplied].
Appellant's sole point on appeal is that an essential element of the offense is that the defendant is a licensed practitioner, which must be alleged and proved. We hold that the information, charging the appellant with violation of Chapter 893, does allege the "essential facts constituting the offense charged." RCrP 3.140(d)(1). The statute under examination states in part:
A practitioner, in good faith and in the course of his professional practice only, may prescribe, administer, dispense, mix, or otherwise prepare a controlled substance... . [Fla. Stat. § 893.05(1)].
* * * * * *
Except as authorized by this chapter and chapter 500, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance.... [Fla. Stat. § 893.13(1)(a)].
*1202 The language in the information that the unlawful act was not done in good faith and was done in the course of his professional practice is mere surplusage. The critical language is "unlawfully deliver a drug substance controlled by Chapter 893" which tracks § 893.13 and certainly alleges a violation of the statute. Cf. State v. Vinson, Fla.App.2d, 1974, 298 So.2d 505. It is clear that § 893.05 is an exception to the prohibitions of § 893.13 and does not constitute a separate violation of Chapter 893. Cortina v. State, 135 Fla. 268, 184 So. 838 (1938); 25 Am.Jur.2d, Drugs, Narcotics, and Poisons § 41 (1966, Supp. 1976); Cf. Pope v. State, Fla.App.2d, 1972, 268 So.2d 173, cert. den., Fla. 1973, 283 So.2d 99. A defense or an exception to an offense need not be negatived in the information charging the offense. Pope v. State, supra; RCrP 3.140(k)(4); 17 Fla.Jur., Indictments and Informations § 60 (1958, Supp. 1976).
We note that in this case the heading of the amended information shows that each count is entitled "BAD FAITH DELIVERY OF A NARCOTIC BY A PRESCRIPTION FS 893.05." We do not believe that this description of the offense would "mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." RCrP 3.140(o). Where the information clearly charges an offense a mere error in the citation of the statute violated does not require reversal unless the error would prejudice the accused. Youngker v. State, Fla.App.4th, 1968, 215 So.2d 318.
The circumstantial and direct evidence adduced at trial proved beyond a reasonable doubt that appellant was guilty of unlawful delivery of narcotics by writing prescriptions in bad faith. The language in the information, which we regard as being surplusage, served to advise the appellant of a defense available to him, of which we cannot conceive that counsel for appellant was not fully cognizant.
AFFIRMED.
HOBSON, Acting C.J., and SCHEB, J., concur.