ANSTEAD, Judge,
specially concurring:
The appellant claims that the trial court erred in denying his motion for severance and in refusing to have certain expert medical testimony read to the jury upon its request.
The Florida Supreme Court has held that the mere fact that one defendant may attempt to shift the blame for the crime to a co-defendant is insufficient to require a severance. Hawkins v. State, 199 So.2d 276 (Fla.1967) vacated on other grounds at 408 U.S. 941, 92 S.Ct. 2857, 33 L.Ed.2d 765 (1972). Also see State v. Talavera, 243 So.2d 595 (Fla.1971). I do not believe Crum v. State, 398 So.2d 810 (Fla.1981) has overruled that proposition.
On the other hand I agree with appellant that the trial court erred in failing to allow the jury to have the testimony of the two medical experts read to them. However, in view of the overwhelming evidence of appellant’s involvement in the crime for which he was convicted and the limited value that the medical testimony was to him I believe this error was harmless. Appellant was charged with first degree murder but only convicted of second degree murder while his co-defendant was convicted of first degree murder. It is apparent by its verdict that the jury has already given appellant the benefit of any doubt as to the extent of his participation in the murder.