677 So.2d 104 (1996)
Mark Shawn MANLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2280.
District Court of Appeal of Florida, Fifth District.
July 26, 1996.
*105 James B. Gibson, Public Defender, and Sean K. Ahmed, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Mark Shawn Manley appeals his judgments and sentences for second degree murder,[1] aggravated battery,[2] and battery.[3] His only point on appeal is that the trial court abused its discretion in admitting into evidence over his objection, two photographs showing injuries Manley's brother inflicted on Dennis Lambert's face when the brother hit Lambert with a shovel. Manely argues that this battery was not at issue in this case and that the photographs inflamed and prejudiced the jury against him, by allowing the jury to infer Manley was a violent person because he associated with his violent brother. We affirm.
Several photographs depicting injuries to Manley's victims were admitted into evidence without objection. They included one photograph of bruises on the face of the battery victim, two large photographs of a hatchet wound to the head of the aggravated battery victim, and six autopsy photographs of the deceased victim. Manley had no objections to these photographs, though we consider them to be more gruesome than the two photographs to which Manley objected. The admission of photographs is within the trial court's discretion, Pangburn v. State, 661 So.2d 1182, 1187 (Fla.1995), and we hold the trial court did not abuse its discretion in this case. Although Lambert's injuries were inflicted by Manley's brother, Lambert testified he was hit and knocked unconscious when he attempted to help one of Manley's victims. The two photographs were related to the over-all criminal episode in which Manley, as well as his brother, was involved. Further, after comparing the photographs to which Manley objected with the photographs to which he did not object, we find any error was harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
AFFIRMED.
W. SHARP, GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] § 782.04(2), Fla. Stat. (1993).
[2] § 784.045(1)(a)1., Fla. Stat. (1993).
[3] § 784.03, Fla. Stat. (1993).