W. SHARP, Judge.
Manley appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He was convicted of second degree murder, aggravated battery and battery in 1995. He was sentenced to fifteen years for the second degree murder, fifteen years probation for the aggravated battery and time served for the battery. We affirmed the conviction and sentences. See Manley v. State, 677 So.2d 104 (Fla. 5th DCA 1996).
The trial court properly denied Manley’s argument that he should have been afforded post-conviction relief because the state withheld evidence concerning a witness, Curtsinger, that could have been used to impeach him. Manley alleged that Curtsinger was allowed to plead no contest to reduced charges pending against him, and that he reasonably expected to receive a lenient sentence in exchange for his testimony against Manley. The state’s withholding of favorable evidence is only a viable claim in a collateral attack on a criminal judgment, if it is alleged and shown that the evidence could not have been obtained by the use of reasonable diligence by trial counsel. Hildwin v. Dugger, 654 So.2d 107 (Fla.1995). See also Gorham v. State, 597 So.2d 782 (Fla.1992). Manley’s conclusory statement that such information was not available is clearly inaccurate.
*693 In addition, this ground is legally insufficient because Manley does not allege nor demonstrate there was a reasonable probability that the outcome of his trial would have been different had the state furnished the defense with information concerning pending charges against Curtsinger. And, more importantly, Manley makes no showing why this issue should not have been raised on direct appeal. Thus, this issue, as well as his additional claim that the trial court erred in striking Mike Manley as a witness at trial, are procedurally barred from consideration in this or any other collateral attack proceeding. Maharaj v. State, 684 So.2d 726 (Fla.1996).
Manley also alleged that his trial counsel was ineffective for not impeaching Curtsinger, based on prior inconsistent descriptions of the perpetrator of the crimes, for failing to obtain immunity for defense witness Mike Manley (resulting in his exclusion from trial), for not objecting to hearsay testimony concerning Manley’s ownership of the truck, for allegedly ordering the destruction of the ax used in the criminal episode (which was potentially exculpatory), for not impeaching Curtsinger further by recalling Deputy Brown as a defense witness, and for failing to investigate Curtsinger to determine his pending prosecution.
As to the first ground, the trial court found that defense counsel did impeach Curtsinger concerning conflicting statements he made. Thus the record, as shown by the attachments, refutes Manley’s claim.
As to the second ground, the trial court found that Manley failed to show that Mike Manley’s testimony was relevant, exculpatory, and that it was not merely cumulative, so as to merit judicial immunity. Manley did not proffer Mike Manley’s testimony, and thus there was no basis for the trial court to conclude that there were grounds for judicial immunity. State v. Talavera, 243 So.2d 595 (Fla.1971). Further, there is no allegation that Mike Manley would have been willing to testify at trial. He had been part of the criminal episode, and he took the Fifth Amendment at his deposition. See Scott v. State, 513 So.2d 653 (Fla.1987); Talavera.
As to the third ground, the court found that Manley failed to demonstrate prejudice concerning the admission of Deputy Brown’s hearsay testimony that the truck used in the incident belonged to Maníéy. As shown by attachments to the order under review, Manley admitted at trial that he was in the truck on the night of the criminal episode, and he referred to the truck as his own, throughout his own testimony. Further, other witnesses identified the truck Manley was driving that night and the officer merely testified that his investigation led to his identification of Manley as the owner of the truck. No prejudicial error appears on the face of this record.
Similarly, as to the fourth ground, the court found that Manley failed to allege and demonstrate prejudice. He only alleged that his defense counsel told Mike Manley to destroy the ax used in the crime, which was potentially exculpatory because it would have had Mike’s fingerprints on it. However, at trial there was testimony that Mike took the ax from the truck just before commission of the crimes. Thus the existence vel non of his prints on the ax was not truly exculpatory-
As to the fifth ground, that defense counsel failed to recall Deputy Brown to obtain his testimony that Curtsinger told him that individuals other than Manley were at the rear of the truck when the. homicide occurred so that he was not the only potential suspect. The court found, and we agree, there was no prejudice shown because Curt-singer did testify Mike Manley was also present at the rear of the truck.. Thus, Brown’s testimony would have been repetitive. Valle v. State, 22 Fla. L. Weekly S751 (Fla. Dec. 11, 1997); Card v. State, 497 So.2d 1169 (Fla.1986).
As to the last ground, the court rejected Manley’s claim that trial counsel was ineffective because he failed to investigate and discover Curtsinger had been charged with crimes arising out of the criminal episode involving Manley and in not impeaching him at trial on this ground. The court found that this ground should be rejected because Manley failed to allege that a -reasonable *694 probability exists that the outcome of the trial would have been different had such investigation and impeachment been made.
Even if this allegation can be inferred from the general allegations that Curtsinger was the primary state witness against Manley and that the jury would have been less likely to believe Curtsinger’s testimony that Manley committed the crimes, had the impeachment been made, the ineffective assistance issue appears refuted by the record in this case. Manley reasons that Curtsinger changed his testimony after being charged ■with other crimes in order to obtain favorable treatment. However, the statement made by Curtsinger before he was charged is not materially different from the testimony given at trial. Further, defense counsel did raise the discrepancies, such as they were, in his cross-examination of Curtsinger; thus, no prejudice was demonstrated.
AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.