THOMPSON, J.
Mark Manley appeals a final order' granting Attorney Russell Crawford’s motion for summary judgment. Manley had sued Crawford for legal malpractice in his post-conviction case in which he alleged ineffective assistance of counsel. We affirm.
Manley was convicted of second degree murder, battery, and aggravated battery in 1995. Manley was convicted of killing Johnny Brooklyn by hitting him in the head with an axe. The convictions were affirmed in 1996. Manley v. State, 677 So.2d 104 (Fla. 5th DCA 1996).
After the mandate issued, Manley was placed at the Central Florida Reception Center in Orlando before assignment to a state prison. He contacted Crawford, a lawyer who specializes in criminal law, to file a post-conviction relief motion. Crawford filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, Crawford alleged three bases for relief: 1) the state failed to disclose exculpatory evidence concerning an eyewitness; 2) he received ineffective assistance of counsel; and 3) the court erred in striking defense witness testimony. The motion was heard by Judge McFerrin Smith who denied the motion in a seven-page, single-spaced or *793 der. In stating Manley was not entitled to relief, the order cited to applicable ease law and portions of the trial transcript. We affirmed this order. Manley v. State, 705 So.2d 691 (Fla. 5th DCA 1998).
Next, Manley sued for legal malpractice, alleging that he was still incarcerated due to Crawford’s ineffectiveness. In his pro se lawsuit, Manley alleged that his post-conviction motion was denied because the memorandum of law in support of the motion was deficient in that it was not sworn to by Manley. The trial court granted Crawford’s motion for summary judgment, ruling that there were no material issues of fact in dispute. Now Manley is again before the court alleging that the trial court erred when it dismissed his legal malpractice case against Crawford. We find the appeal meritless. In Steele v. Kehoe, 747 So.2d 931 (Fla.1999) the supreme court held that appellate or post-conviction relief is a precondition to maintaining a legal malpractice claim. The court wrote:
We agree ... and we find that we should follow the majority rule and hold that a convicted criminal defendant must obtain appellate or post-conviction relief as a precondition to maintaining a legal malpractice action.
Steele v. Kehoe, 747 So.2d at 933. In the instant case, apparently unaware of Steele, the trial court ruled on the merits in favor of Crawford on his motion for summary judgment. We have reviewed the thorough order entered by the trial court and the record on appeal; we affirm because Manley has failed to state a cause of action.
AFFIRMED.
W. SHARP, and PETERSON, JJ., concur.