DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Petitioner,

v.

**MARCIA LYNNE SILLS,**
Respondent.

No. 4D19-1585

[September 18, 2019]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ernest A. Kollra, Judge; L.T. Case No. 12-12110 CF10A.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for petitioner.

Kevin J. Kulik and Ashley D. Kay, Fort Lauderdale, for respondent.

GERBER, J.

The state petitions for a writ of certiorari, seeking to quash the circuit court's order granting the defendant's motion to preclude the state from presenting a physician to provide expert opinion testimony that the defendant, a medical doctor, did not prescribe controlled substances in good faith and in the course of professional practice. The state argues that the order departs from the essential requirements of the law and causes irreparable harm as the state would have no right of appeal if the defendant is acquitted. We agree with the state and grant the petition.

### *Procedural History*

The state charged the defendant with racketeering and conspiracy to commit racketeering in violation of sections 895.03(3) and (4), Florida Statutes (2012), and trafficking in oxycodone and conspiracy to traffic in oxycodone in violation of sections 893.135(1)(c)1.a.,b. and (5), Florida Statutes (2012).

The state retained a physician to provide expert opinion testimony on the impropriety of the defendant's actions as described in the probable cause affidavit, after having reviewed police reports, conversations between the defendant an undercover officer posing as a patient, and patient charts seized during a search of the defendant's office.

The defendant filed a motion to exclude the expert's testimony pursuant to section 90.403, Florida Statutes (2017), which states, in pertinent part: "Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." The defendant argued that the expert's opinion was "not that the Defendant violated any criminal law, but rather, that the care she provided her patients was below medical standards." According to the defendant, hearing this opinion could confuse or mislead the jury and unfairly prejudice her because "the jury may falsely equate providing substandard care with committing a criminal offense."

The state filed a response arguing the expert would testify on the central issue at trial, namely whether the defendant's actions were "in good faith and in the course of his or her professional practice," as that phrase is used in section 893.05(1), Florida Statutes (2012) ("A practitioner, *in good faith and in the course of his or her professional practice only*, may prescribe, administer, dispense, mix, or otherwise prepare a controlled substance . . . .") (emphasis added).[1] According to the state, an ordinary lay juror would not be qualified to decide what constitutes a delivery or sale "in good faith and in the course of his or her professional practice" without the benefit of specialized knowledge of pain management medicine.

After a hearing, the circuit court entered an order granting the defendant's motion to exclude the state expert's testimony. The circuit court reasoned that the testimony "would confuse and mislead the jury."

This petition followed. The state correctly cites its burden as having to show that the circuit court's order departs from the essential requirements of law by effectively negating or significantly impairing the state's ability to prosecute or present the case, resulting in irreparable harm because if the defendant is acquitted, the principles of double jeopardy prevent the state from seeking review. *See generally State v. Pettis*, 520 So. 2d 250, 252-53

---

[1] The above-referenced phrase is now contained in section 893.05(1)(a), Florida Statutes (2019).

(Fla. 1988) (discussing a district court's ability to consider state petitions for certiorari to review pretrial orders).

The state argues that the circuit court's order departs from the essential requirements of the law because the order prevents the state from negating a defense that the defendant prescribed the controlled substances "in good faith and in the course of his or her professional practice." The state also argues that the circuit court did not consider whether reasonable alternatives existed to overcome or mitigate any potential confusion to the jury. Instead, the state argues, the circuit court categorically excluded the expert's testimony in its entirety, a remedy which should be invoked as a last resort.

The defendant responds that the circuit court correctly excluded the state expert's testimony, primarily because the expert's testimony applied generally to the "medical practices of the clinic" at which the defendant worked, but was not specific as to the defendant. The defendant also responds the circuit court correctly found that the state expert's testimony would confuse and mislead the jury.

### *Our Review*

We agree with the state's arguments. An exception to the prohibitions found in the Florida Comprehensive Drug Abuse Prevention and Control Act, section 893.01, Florida Statutes (2012), et seq., is found in section 893.05(1), Florida Statutes (2012), which provides, in pertinent part: "A practitioner, *in good faith and in the course of his or her professional practice only*, may prescribe, administer, dispense, mix, or otherwise prepare a controlled substance . . . ." (emphasis added). *See Rodenberg v. State*, 198 So. 3d 930, 933 (Fla. 4th DCA 2016) ("Generally, 'good faith' and 'in the course of professional practice' are affirmative defenses, not elements of the offenses, because section 893.05(1) is separate from the delivery and trafficking statutes."); *King v. State*, 336 So. 2d 1200, 1202 (Fla. 2d DCA 1976) ("It is clear that s. 893.05 is an exception to the prohibitions of s. 893.13 and does not constitute a separate violation of Chapter 893.").

Although "[a] defense or an exception to an offense need not be negatived in the information charging the offense," *King*, 336 So. 2d at 1202, it remains reasonable for the state to seek to negate a section 893.05(1) defense or exception when prosecuting a practitioner for a violation of section 893.13. *See Rodenberg*, 198 So. 3d at 933-34 (no fundamental error where the state's information alleged, and the trial

court instructed the jury, that the defendant wrote the prescription "not in good faith or not in the course of Defendant's professional practice").

We would expect that, in many cases, expert testimony would assist a jury in determining whether a defendant's prescription of controlled substances was "in good faith and in the course of professional practice," in comparison to the prevailing professional standard of care. As section 90.702, Florida Statutes (2018), provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion or otherwise, if:
> (1) The testimony is based upon sufficient facts or data;
> (2) The testimony is the product of reliable principles and methods; and
> (3) The witness has applied the principles and methods reliably to the facts of the case.

Here, the state expert's testimony appears to be intended for the very purpose which section 90.702's plain language conveys – to "assist the trier of fact in understanding the evidence or in determining a fact in issue" – that the defendant did not prescribe the controlled substances "in good faith and in the course of professional practice" as a section 893.05(1) exception or defense would allow.

The circuit court's order prevents the state from presenting expert testimony on this issue, effectively negating or significantly impairing the state's ability to prosecute or present the case. Thus, the circuit court's order departs from the essential requirements of law, the prejudice from which would be irreparable if the defendant is acquitted. As the Fifth District stated when granting a petition for certiorari in *State v. Gerry*, 855 So. 2d 157 (Fla. 5th DCA 2003):

> The right to call witnesses is one of the most important due process rights of a party and accordingly, the exclusion of the testimony of expert witnesses must be carefully considered and sparingly done. This right applies to both the state and the defendant because each is entitled to a fair trial. Hence, the courts have carefully guarded the state's right to present relevant evidence and testimony through certiorari review of pretrial orders that attempt to exclude such evidence in trial proceedings.

*Id.* at 161 (internal citation and quotation marks omitted).

Based on the foregoing, we grant the state's petition and quash the circuit court's order granting the defendant's motion to exclude expert testimony. We remand for the circuit court to enter an order denying the defendant's motion. However, this opinion does not preclude the defendant from objecting to any portion of the state expert's testimony based on any other recognized objection under the evidence rules.

*Petition granted.*

MAY and CONNER, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***