GRIMES, Judge.
This is a petition for certiorari seeking review of an order of the Florida Public Employees Relations Commission (PERC) which found that petitioner (School Board) had committed an unfair labor practice by refusing to bargain with respondents (union).
The union filed a petition for certification as the bargaining agent of certain employees of the School Board. Following hearings, PERC entered an order directing an election and defined the bargaining unit eligible to vote as follows:
Included: All eligible employees of the Pinellas County School Board employed in the maintenance, ground maintenance, transportation, plant operations, warehouse and food service departments.
Excluded: All other non-instructional, instructional, and clerical employees and all managerial/confidential employees of the Pinellas County School Board. See Attachment A.
*911 Attachment A referred to various supervisory employment positions. The School Board then submitted to PERC a list of eligible voters. Thereafter, PERC issued an erratum which ordered that Attachment A be amended. The erratum relisted all the supervisory positions which had been on Attachment A, but the word “excluded” was set forth opposite three of these positions. The School Board submitted a new list of eligible voters which included all of the positions listed on the erratum except those designated as “excluded.” Evidently, PERC intended that the three designated supervisory positions should be excluded from the exclusions listed on Attachment A so that only those three positions would be added to the voting list. Be that as it may, those persons named on the School Board’s second list participated in an election on March 11, 1976, and the union received a majority of the votes cast.
The School Board filed objections to the election on March 22, 1976, which were denied by PERC’s chairman on March 31, 1976. On April 12, 1976, the union wrote a letter to the School Board requesting commencement of contract negotiations. The School Board advised the union by letter dated April 27, 1976, that it was appealing the procedures relating to the election and could not recognize the union as the bargaining agent for its employees until a final determination had been made by the courts of Florida. On May 12,1976, PERC’s chairman certified the union as the exclusive bargaining agent for the following unit:
Included: All eligible employees in the maintenance, ground maintenance, transportation, warehouse, plant operations, and food service departments of the Pinellas County School Board.
Excluded: All other non-instructional, instructional, and clerical employees and all managerial/confidential employees of the Pinellas County School Board.
The union again requested bargaining on May 17,1976, but received no response. On June 9,1976, the union filed an unfair labor practice charge against the School Board for refusing to bargain. At a meeting held on August 3, 1976, PERC upheld the chairman’s denial of the School Board’s objections and reaffirmed his certification of the union as the exclusive bargaining agent. This order was not issued in writing until September 7, 1976. In the meantime, on August 5, 1976, the union made another request to the School Board to enter into collective bargaining.
On September 15, 1976, PERC issued its complaint against the School Board for refusing to bargain as alleged in the union’s unfair labor practice charge. Following a hearing before a hearing officer of the Division of Administrative Hearings, the hearing officer made findings of fact and recommended that PERC issue an order directing the School Board to cease and desist from refusing to engage in bargaining. On June 29, 1977, PERC issued its order finding the School Board in violation of Section 447.501(l)(a) and (c), Florida Statutes (1975), for refusing to bargain and ordered the School Board to cease and desist from that practice.
The School Board contends that it cannot be found guilty of having refused to bargain with the union because the union made no request to bargain at a time when the union had been validly certified as the employees’ exclusive bargaining agent. This argument is premised upon the contention that the chairman of PERC had no authority by himself to issue an order of certification and that no request to bargain was made at any time after September 7, 1976, the date upon which PERC formally reaffirmed the certification. The School Board also complains that it should have been permitted to attack the determination of the bargaining unit as a defense to the unfair labor practice charge. Ironically, PERC also made this latter contention in earlier public employee proceedings when it contended that, similar to National Labor Relations Act procedures, an employer should not be entitled to attack the composition of the bargaining unit until it was charged with an unfair labor practice for refusing to bargain. This position was rejected in Panama City v. PERC, 333 So.2d 470 (Fla.1st DCA 1976), and School Board of Sarasota County v. PERC, 333 So.2d 95 (Fla.2d DCA 1976), in which both courts *912 held that a certification following an election constituted final agency action from which a petition for review may be filed in the applicable district court of appeal raising the issue of the appropriateness of the bargaining unit.
We can understand how the School Board legitimately might have wished to question the scope of the bargaining unit in view of the ambiguity inherent in PERC’s erratum. Nevertheless, under the rationale of the cases cited above, it was incumbent upon the School Board to attack the scope of the bargaining unit and to make any other objections it may have had to the election by way of a petition for review of the order of certification. Since this was never done, the propriety of the certification is not before us.[1]
This leaves for determination the question of whether the union ever made a proper request to bargain. The union admits that the School Board cannot be held guilty of the unfair labor practice of refusing to bargain unless the union first made a request to bargain. We agree with the School Board that the chairman of PERC had no authority to act by himself in the issuance of an order of certification. Part II of Chapter 447 refers only to an order of certification as being issued by the Public Employees Relations Commission. Section 447.307, Florida Statutes (1975). The fact that PERC was undercapitalized and that of its members only the chairman was a full-time employee did not give the chairman legal authority to do something the commission as a whole was required to do.[2]
Since all of the union’s requests to bargain predated the commission’s September 7, 1976, order of certification, the final issue to be decided is whether the union’s three previous requests can be deemed to have been continuing in nature such as to place upon the board the obligation to bargain when the commission finally entered its order of certification. The School Board relies upon N.L.R.B. v. Arkansas Grain Corp., 390 F.2d 824 (8th Cir. 1968), which held that a request to bargain which was made when the union did not represent a majority of the employees could not form the basis of a continuing demand which would come into effect at a time when the union later obtained a majority representation. However, the court in that case relied substantially upon the fact that when the union made its request to bargain, its claim of majority representation was not being made in good faith.
In the instant case, the union had substantial justification for believing that it represented the bargaining unit when it made its several requests. At such time as the certification became official, it was obvious that the union continued to maintain a desire to bargain. The School Board had already rejected the union’s request, not because it was awaiting certification by the full commission, but because it hoped to overturn the certification in the courts based upon its contention that the bargaining unit had been improperly determined. On the facts of this case, it would have been a useless gesture for the union to once again request bargaining after the entry of PERC’s September 7, 1976, order.[3] See Local No. 152 v. N.L.R.B., 120 U.S.App.D.C. 25, 343 F.2d 307 (1965); Scobell Chemical Company v. N.L.R.B., 267 F.2d 922 (2d Cir. 1959).
*913 In summary, the proper procedure for the School Board to have followed was to file a petition for certiorari from PERC’s order of certification and at the same time seek a stay of the certification order from either PERC or this court. See Panama City v. PERC, supra. Since PERC’s certification order was not stayed, the School Board was obligated to enter into collective bargaining with the union.
While we have taken issue with some of PERC’s practices and hold the School Board technically guilty of an unfair labor practice for refusal to bargain, we do not wish our opinion to be construed as being critical of any of the parties. The law relating to public employee bargaining in this state is new and complicated. The procedures which must be followed continue to evolve through the rendition of court decisions, and no one should be lightly faulted for having decided to proceed in a particular manner only to later find that the ground rules have received a different interpretation.
The petition for certiorari is denied.
HOBSON, Acting C. J., and DANAHY, J., concur.

. See Southgate Community Schools, 1970 MERC Lab.Op. 587, in which the Michigan Public Employees Relations Commission refused to permit an attack on the appropriateness of the bargaining unit in an unfair labor practice proceeding because the Michigan courts had ruled that this was a matter which could be earlier raised by an appeal from the commission’s determination of the appropriate unit.

. We are advised that PERC has now changed its practices whereby the commission rather than its chairman now issues all certifications.

. We hasten to point out that not every request to bargain made by an employee organization at a time when there is doubt concerning that organization’s right to represent the majority of employees will automatically constitute a continuing demand to bargain. Cf. Hedstrom Company v. N.L.R.B., 558 F.2d 1137 (3d Cir. 1977).