358 So.2d 81 (1978)
CITY OF PUNTA GORDA, Florida, Petitioner,
v.
PUBLIC EMPLOYEES RELATIONS COMMISSION and District Council # 66, International Brotherhood of Painters and Allied Trades, Respondents.
No. GG-193.
District Court of Appeal of Florida, First District.
April 25, 1978.
Rehearing Denied May 23, 1978.
*82 Harrison C. Thompson, Jr., Thomas M. Gonzalez of Shackleford, Farrior, Stallings & Evans, Tampa, for petitioner.
William E. Powers, and Bruce A. Leinback, Tallahassee, for respondents.
ERVIN, Judge.
The City petitions for review from a PERC order validating a union election held among city employees. We uphold the agency action.
In September, 1976, the City and District Council 66, International Brotherhood of Painters and Allied Trades, entered into a Certification upon Consent Election Agreement. The agreement provided that a secret ballot election would be held on October 8, 1976, between the hours of 7:00 a.m. and 8:30 a.m. and 3:00 p.m. and 5:00 p.m. Ninety city employees were considered eligible to vote. Eighty-seven voted, 44 voting for the union and 43 against. As provided by PERC Rule 8H-3.28, the City filed objections before the Chairman of PERC. The objections were: (1) The hours of voting were too limited; (2) inflammatory statements made by the union business agent, Ed Prata, exceeded permissible bounds of pre-election campaigning; (3) a challenge was made by Prata to the City's finance director to a debate before the employees, knowing the legal proscription against employer surveillance prevented management from attending; (4) the bargaining unit contained three employees who should have been excluded as confidential employees; (5) thirteen supervisors should have been excluded.
An investigation of the objections was conducted, resulting in the Chairman's report dismissing all the objections filed by the City. The report made detailed findings of fact and conclusions of law. After the City's request for the review, the Commission issued orders affirming the Chairman's report and certifying District Council 66 as the exclusive bargaining agent for those persons described in the consent election agreement.
The City first argues the Commission failed to provide a hearing as required by Chapter 120 of the Administrative Procedure Act. We agree that a ruling upon a proper party's objections to an election is one "in which the substantial interests of a party are determined by an agency" so that the hearing provisions of Section 120.57, Florida Statutes (Supp. 1976), apply. The prefatory language in that section makes the final, evidentiary hearing of subsection (1) applicable whenever material facts are in dispute "unless waived by all parties." We find waiver occurred here since neither the City nor the union requested a formal hearing on the objections. We do not interpret Chapter 120 as requiring an agency to convene an unrequested formal hearing whenever it perceives the possibility of a disputed issue of material fact. Just as a litigant must request trial by jury, so must a substantially affected person affirmatively seek a 120.57(1) hearing.
The question then is whether the Commission complied with Section 120.57(2), pertaining to informal proceedings and applicable when 120.57(1) has not been utilized. As we held in General Development Corp. v. Division of State Planning, 353 So.2d 1199, 1209-1210 (Fla. 1st DCA 1977), Section 120.57(2) requires notice, opportunity and a final order complying with 120.59. The Chairman's report, later reviewed by the full Commission, was notice of agency action, and fully complied with the requirements of 120.57(2)(a)1. The report however, dismissing the objections was not final agency action, which occurred only when the Commission reviewed it and entered its final order. United Faculty of Fla. v. Branson, 350 So.2d 489, 493 (Fla. 1st DCA 1977).
The City had opportunity to be heard, though no hearing was held. Section *83 120.57(2) contemplates that a proceeding be held  not necessarily a hearing. The opportunity requirement of 120.57(2)(a)2 is satisfied by a written statement challenging the grounds for agency action. The City was furnished such opportunity by filing its request for review before the full Commission. The request completely challenged the Chairman's report, and was duly considered by the Commission. As a result there was no departure by the Commission from the requirements of 120.57(2).
The City's objections to the election concern (a) the limited voting hours and the inclusion of employees not properly within any bargaining unit, and (b) prejudicial pre-election campaign tactics by union agent Prata. As to the former, the City and union agreed in writing before the election on the hours and the eligible voters. PERC properly relied on National Labor Relations Board v. Tower Co., 329 U.S. 324, 67 S.Ct. 324, 91 L.Ed. 322 (1946), which refused to allow a post-election challenge to voter eligibility where due notice of the manner and conduct of the election was given to all. We again sustain the Commission's conclusions on the facts presented.
As to the unfair campaign tactic charges, PERC has adopted the test found in Hollywood Ceramics Co., 140 NLRB 221, 224, 51 LRRM 1600 (1962), which allows the setting aside of union elections only when there has been a substantial departure from the truth, at a time which prevents the other party from making an effective reply, so that the misrepresentation may reasonably be expected to have a significant, impact on the election. We have previously recognized the discretion which should be accorded expert tribunals in their particular areas of special competence and expertise. Pasco Cty. Sch. Bd. v. Florida Public Emp. Rel. Comm., 353 So.2d 108, 116 (Fla. 1st DCA 1977).
Accordingly, we find no error in the Commission's order. The petition for review is DENIED.
MILLS, Acting C.J. and SMITH, J., concur.