MILLS, Judge.
The City appeals from a final order of PERC certifying International Brotherhood of Electrical Workers (IBEW) as exclusive bargaining representative of certain City employees.
The City contends that PERC erred in dismissing its objections to conduct of IBEW affecting the results of the secret ballot election and in denying its request for an evidentiary hearing on the objections. We do not agree and affirm.
IBEW filed a petition for certification seeking to represent certain employees of the City. IBEW and the City entered into a Consent Election Agreement which was approved by the Chairman of PERC. The voting unit included all full-time and permanent part-time employees of the City employed in the following departments: City Manager’s Office, General Service Administration, City Clerk’s Office, Purchasing Administration, Golf Course, Parks and Cemetery, Recreation, Water and Sewer, Inspections and Electric, and excluded all part-time employees, sworn police officers, fire fighters, life-guard employees and all managerial/confidential employees.
A secret ballot election was conducted on 7 April 1977. The vote tally revealed that of 136 eligible voters, 123 cast valid ballots. Seventy-one ballots were cast for and fifty-two were cast against IBEW.
The City filed timely objections to IBEW’s pre-election conduct which it contended affected the results of the secret ballot election. The City stated that IBEW distributed a letter to the employees of the City several days before the election which misrepresented the basic wage rates paid to employees by six other Florida cities then under contract with IBEW in job classifications similar to those in the voting unit. The letter stated:
“We thought you would like to know you are surrounded by workers, performing *1047 the same type work as you are, who are represented by the IBEW and who are working under IBEW negotiated contracts.
“Following are some of their job classifications and straight time hourly pay.”
The City also alleged that the misrepresentation was made at such a late stage in the campaign as to prevent an effective response, therefore, interfered with the employees’ free choice in the election.
Pursuant to Fla. Admin. Code Rule 8H-3.28, an investigation of the objections to the election was conducted. The Chairman’s report on the objections found no material misrepresentations in IBEW’s letter. The City’s request for review of the Chairman’s report and for oral argument was granted and oral argument was heard.
On 20 January 1978, PERC sustained the findings of the Chairman’s report and dismissed the election objections. PERC found that IBEW’s letter did not constitute a material misrepresentation of fact. PERC also held that no disputed material issues of fact were raised by the evidence submitted by the parties, thus, an evidentia-ry hearing was unnecessary.
On 4 April the City’s Motion to Reconsider was dismissed by PERC and on 6 April IBEW was certified as the exclusive bargaining agent for the members of the voting unit. This appeal followed.
An election should be set aside only where there is misrepresentation which involves a substantial departure from the truth, which is made at a time which prevents the other party from making an effective response and which is likely to have a significant impact on the election. City of Punta Gorda v. PERC, 358 So.2d 81 (Fla. 1st DCA 1978).
IBEW’s undated letter was mailed to approximately 90 of the eligible voters on or about 2 April 1977. The letter quoted hourly wage rates for employees represented by IBEW in utility departments of six other Florida cities. The letter did not state that the hourly wages were minimum or maximum. The subsequent investigation revealed that the wages quoted were substantially the maximum rates which could be attained under the collective bargaining agreements with the other six cities.
We agree with PERC that neither the letter nor the subsequent investigation revealed misrepresentations of fact. The letter was permissible campaign propaganda which could be recognized as such by the employees.
Finding no misrepresentation of facts, it is unnecessary that we address the other factors established by the City of Punta Gorda case.
An evidentiary hearing is required by Section 120.57(1) where there are disputed issues of material fact. City of Punta Gorda v. PERC, supra. There are no disputed issues of material fact in this case, thus, a Section 120.57(1) hearing was not required.
The order appealed is based on competent substantial evidence and is in accord with the applicable law. It is, therefore, affirmed.
McCORD, C. J., and MELVIN, J., concur.