376 So.2d 16 (1979)
BREVARD COMMUNITY COLLEGE, Board of Trustees, Petitioner,
v.
FLORIDA PUBLIC EMPLOYEES RELATIONS COMMISSION and Brevard Community College Federation of Teachers, FEA/United, AFT, AFL-CIO, Local # 1847, Respondents.
Nos. 76-2390/NT4-19, 77-1650/NT4-19A, 77-1952/NT4-19B, and 77-2027/NT4-19C.
District Court of Appeal of Florida, Fifth District.
September 19, 1979.
Rehearing Denied November 14, 1979.
*17 Joe D. Matheny of Henderson, Matheny & Jones, Titusville, and W. Reynolds Allen of Hogg, Allen Ryce & Norton, Coral Gables, for petitioner.
H. Lee Cohee, II, Staff Atty., Tallahassee, for respondent, Public Emp. Relations Commission.
Sidney L. Matthew, Tallahassee, for respondents, Brevard Community College Federation of Teachers, FEA/United, AFT, AFL-CIO.
MOORE, Judge.
In these consolidated petitions for review,[1] Brevard Community College (the College) challenges several orders of the Public Employees Relations Commission (PERC), all involved with the efforts of the Brevard Community College Federation of Teachers, Local 1847 (BCCFT) to become the exclusive bargaining agent at the College.
In January, 1976, the College and the BCCFT entered into a Certification Upon Consent Election Agreement, therein designating a mutually agreed upon bargaining unit. On February 24, 1976, the BCCFT filed unfair labor practice charges against the College, alleging a denial of access to College controlled communications media. Prior to a decision being rendered on the unfair labor practice charges (which were later sustained by PERC), an election was conducted on March 3, 1976. Out of 225 employees who were eligible to vote, a total of 223 employees exercised their right, 133 voting for the union and 82 voting against. Two ballots were void and 6 were challenged.
The College timely filed numerous objections to the election with PERC. Pursuant to Fla. Admin. Code Rule 8H-3.28, the chairman of PERC conducted an investigation, after which he entered a lengthy and detailed order dismissing the objections. *18 Thereafter, PERC affirmed the chairman's dismissal and his certification of BCCFT as the bargaining agent.
Following the election, the College also filed unfair labor practice charges against BCCFT. PERC's general counsel's dismissal of the charges was affirmed by a split decision between the chairman of PERC and one other member of the Commission. This decision was made pursuant to Fla. Admin. Code Rule 8H-4.02, which requires the chairman to designate one other commissioner who, with the chairman, reviews the decision of the general counsel. Unless both agree, the general counsel's dismissal is affirmed.
Subsequent to the certification of the BCCFT as the exclusive bargaining agent, unfair labor practice charges were filed against the College for its refusal to bargain. PERC found the College guilty and ordered it to bargain with the BCCFT. We stayed the order to bargain until resolution of the pending reviews.
In these four petitions under review, the College contends that PERC erred in (1) certifying the BCCFT as the exclusive bargaining agent of all full time teaching faculty, librarians and counselors of the College, (2) dismissing the College's unfair labor practice charges against the BCCFT, (3) ordering the College to bargain with the BCCFT, and (4) finding the College guilty of pre-election unfair labor practice charges. Although the College advances several theories in support of its alleged errors, the main thrust of its argument is twofold: first, that the bargaining unit was not appropriate, and second, that PERC failed to provide the College with an evidentiary hearing on its objections to the election.
As indicated above, the record reflects that the College stipulated with BCCFT in the Certification Upon Consent Election Agreement as to the appropriate bargaining unit. Furthermore, it failed to raise the issue of the appropriateness of the unit in its objections to the election. In Bay County Board of County Commissioners v. Florida Public Employees Relations Commission, 365 So.2d 767, 770 (Fla. 1st DCA 1979), it was held that an employer may not challenge the appropriateness of the composition of a bargaining unit after having entered into such a stipulation. We adopt that holding and summarily dismiss the College's contention in this regard.
In its objections to the election, the College requested PERC to set aside the election of March 3, 1976. In the alternative, and in the event PERC failed to set aside the election, then the College requested a "hearing" on its objections. Nowhere in the record before us did the College identify any disputed issues of fact which would justify a hearing under Section 120.57(1) Florida Statutes (1971). The facts were not in dispute, only the conclusions to be drawn therefrom. Moreover, the College's demand for a hearing was equivocal, to be granted only if PERC failed to set aside the election as requested.
We agree with our sister court in City of Punta Gorda v. Public Employees Relations Commission, 358 So.2d 81 (Fla. 1st DCA 1978) that Section 120.57 is applicable to a ruling on a party's objections to an election. We also agree with the First District where the Court said:
"We do not interpret Chapter 120 as requiring an agency to convene an unrequested formal hearing whenever it perceives the possibility of a disputed issue of material fact. Just as a litigant must request trial by jury, so much a substantially affected person affirmatively seek a 120.57(1) hearing."
The College, having failed to identify any disputed issues of material fact, is not deemed entitled to formal proceedings pursuant to Section 120.57(1).
In pertinent part, the College's objections to the election are: (a) that BCCFT threatened not to bargain in good faith, (b) that BCCFT solicited employees in violation of §§ 447.501(2)(a) and 477.509(1)(a), (c) that BCCFT mailed pre-election letters to twenty-six employees indicating that their ballots may be challenged, thereby discouraging those employees from voting, and (d) *19 that BCCFT made various pre-election misrepresentations which the College did not have adequate time to refute.
After his investigation, the chairman of PERC found that the alleged BCCFT threat not to bargain in good faith and its solicitation of employees did not have an effect on the fairness of the election or on the voters' free choice. He also found that any alleged misrepresentations were not substantial and were made at such a time as to allow the College to effectively refute them. On review, the chairman's decision dismissing the objections and certifying BCCFT as the bargaining agent was affirmed by PERC. We again join the First District Court of Appeal in recognizing the discretion incumbent in expert tribunals in their particular areas of special competence and expertise. City of Punta Gorda, supra. The College has failed to demonstrate that the Commission abused this discretion.
Although the chairman of PERC misconstrued the letter mailed by BCCFT to some twenty-six potential voters as stating that the College, as opposed to the Union, might challenge the employees' ballots, the error was harmless in view of the election turnout. Of the 225 eligible employees, 223 voted. Additionally, the record fails to demonstrate that any employee who received the letter was coerced thereby.
We now turn our attention to PERC's dismissal of the College's unfair labor practice charges against the Union. On appeal, the College contends that Rule 8H-4.02 is invalid as allowing less than a majority of the Commission to enter an order purportedly to be that of the Commission. The College did not challenge Rule 8H-4.02, pursuant to Section 120.56 Florida Statutes (1975), as having been adopted without any validly delegated legislative authority. Neither did the College challenge the Rule before the Commission. In the absence of a timely challenge, we decline to express an opinion as to the validity of the Rule and affirm the Commission's decision. Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1978).
The College next contends that it had no obligation to bargain because of its claim that the certification was invalid. Having determined the validity of the certification against the College's position, we disagree. Moreover, the proper procedure for the College to have followed, prior to its refusal to bargain, was to seek review of PERC's certification order and simultaneously seek a stay from PERC or this court. School Board of Pinellas County v. State, etc., 354 So.2d 909 (Fla. 2nd DCA 1978). Accordingly, PERC was correct in ordering the College to bargain with the BCCFT.
Finally, the College maintains that PERC erred in finding it guilty of violating Section 447.501(1)(a), Florida Statutes (1975), for denying BCCFT access to an administrative publication, the INTERCOM, and to campus bulletin boards. In so finding, PERC rejected the recommendations of a hearing officer although it adopted his findings of fact which indicated that other organizations not indigenous to the campus had been permitted limited access to these communications media.[2] To remedy this discrimination against the BCCFT, PERC ordered the College to cease and desist from refusing to allow the union to use the INTERCOM and the bulletin board system for purposes of informing employees about the BCCFT's activities. While we agree with the First District that PERC may correct discrimination against pro-union access to college facilities when the administration has opened these facilities for non-disruptive use in behalf of other organizations not indigenous to the campus, we believe PERC's order granting access to the BCCFT was too broad. Okaloosa-Walton Junior College v. Florida Public Employees Relations Commission, 372 So.2d 1378 (Fla. 1st DCA 1979). As noted previously, the College had allowed other organizations limited access to the INTERCOM and the *20 bulletin boards. PERC's remedial order should have been likewise limited so that BCCFT would be granted access only in the same manner and to the same extent as these other organizations. The College may not discriminate between non-indigenous organizations.
We have considered all other contentions by the parties to this review and find them to be without merit. Accordingly, we reverse PERC's order granting BCCFT access to the College media and remand for entry of an order consistent with this opinion. The stay order issued by this Court on December 29, 1977 is hereby vacated. In all other respects these causes are affirmed.
AFFIRMED IN PART; REVERSED IN PART.
ANSTEAD, HARRY LEE, and LETTS, GAVIN K., Associate Judges, concur.
NOTES
[1] Although one petition was for a writ of common law certiorari, we will treat them all as petitions for review.
[2] One of the organizations permitted access to the College's bulletin board was Common Cause which placed a "Join Us" poster on the board.