MOORE, Judge,
dissenting:
Although I appreciate the reasoning behind the majority’s order, I respectfully dissent. I would dismiss this appeal for lack of jurisdiction.
The facts are virtually undisputed. First Bank of Hollywood Beach requested the State Comptroller’s permission to change its name to First Bank of Broward. On February 15, 1980, the Comptroller published notice of the request in the Florida Administrative Weekly. The appellant responded to the notice by letter of March 3, 1980, objecting to the name change. In its letter, the appellant stated its reasons for objecting and concluded by stating:
*419 For the reasons set forth above, we would like to register our strong opposition to the proposed name change. Please advise us as to the action taken on this application and the appeal process which we must follow should the name change be approved as requested.
No request was made for either a formal or informal hearing pursuant to Section 120.-57, Florida Statutes (1979). By letter of April 25,1980, the Comptroller granted the name change request “subject to submission of appropriate amendment to the bank’s Articles of Incorporation.” First National appeals from this letter and the majority apparently considers the letter as final agency action as that phrase is used in Chapter 120, Florida Statutes (1979). I disagree.
First National initially contends that it was misled by the notice contained in the Florida Administrative Weekly. While I find this contention difficult to understand, I also find it to be irrelevant. It was not presented to the Agency which has not had an opportunity to accept or reject it, and, if accepted, to take remedial action. As a reviewing Court, I find nothing to review. Surprisingly, appellant next contends that the agency action is not final. I agree. However, appellant says we should therefore remand this cause for a formal hearing, and the Comptroller agrees. Again, I reiterate that no hearing was ever requested by the appellant and I would adopt Judge Ervin’s language in City of Punta Gorda v. Public Emp. Relations, 358 So.2d 81, 82 (Fla. 1st DCA 1978), where he said:
We do not interpret Chapter 120 as requiring an agency to convene an unrequested formal hearing whenever it perceives the possibility of a disputed issue of material fact. Just as a litigant must request trial by jury, so must a substantially affected person affirmatively seek a 120.57(1) hearing.
Having failed to request a hearing, the appellant has waived any right thereto and should not be heard to complain now.
As I view Chapter 120, it provides for appellate review of final agency action when the agency performs a quasi-judicial act. It does not, and should not, under our tripartite system of government, provide for the review of day to day decisions of an executive agency, a category in- which I place the matter now before us.
. The appellant could have requested a hearing and if that request were denied, we would have jurisdiction to review the denial. If it were granted, we would have jurisdiction to review the decision which would contain findings of fact and conclusions of law. I frankly do not know how we review a letter, and by doing, so, we are exceeding our jurisdiction. I would therefore dismiss this appeal.