SHAW, Judge.
In January of 1978 the appellee union was certified by PERC as the exclusive bargaining agent for a unit of hospital employees. The hospital filed a petition for review of the certification order and sought unsuccessfully to obtain a stay from PERC and from the court. While the appeal was pending, the union’s request that the hospital enter into collective bargaining negotiations was rebuffed by the hospital. PERC entered an order finding that the hospital had unlawfully refused to bargain. That order is the subject of this appeal.
The issue to be resolved is whether, in absence of a stay order, the public employer, Jess Parrish Memorial Hospital, committed an unfair labor practice by refusing to bargain with the certified union pending the outcome of the employer’s court challenge of PERC’s certification order. Florida courts that have come to grips with this issue appear to have answered the question in the affirmative. Brevard Community College Board of Trustees v. PERC, 376 So.2d 16 (Fla. 5th DCA 1979); School Board of Pinellas County v. PERC, 354 So.2d 909 (Fla. 2d DCA 1978); Panama City v. PERC, 333 So.2d 470 (Fla. 1st DCA 1976).
Rule 9.310(b)(2), Fla.R.App.P., which became effective March 1,1978, now provides that the timely filing of a notice of appeal automatically operates as a stay when the state, any public officer in an official capacity, board, commission or other public body seeks review. The party seeking to have the stay vacated must do so by motion. In Amalgamated Transit Union v. PERC, 344 So.2d 319 (Fla. 1st DCA 1976), we expressed a fear that judicial intervention could be *990 come a detrimental factor in the certification process by delaying an election until the constituency of the proposed unit or its concept of self-interest changed. It remains to be seen whether the automatic stay provided by the present rule will lend itself to such mischief, an issue we need not presently address.
The instant case is controlled by former Rule 5.12(2), F.A.R., (1962 rev.). In Duval School Board v. PERC, 346 So.2d 1087 (Fla. 1st DCA 1977), we held that under this rule the filing of a petition for review of an unfair labor practice order by PERC does not result in an automatic stay of the order. Like reasoning leads us to conclude that the filing of a petition seeking review of PERC’s order certifying the union as the exclusive bargaining agent for a unit of hospital employees did not, under the applicable rule, result in a stay of the order or obviate the hospital’s obligation to bargain with the certified union upon request.
In keeping with this determination, we agree with and affirm PERC’s finding that Jess Parrish Memorial Hospital committed an unfair labor practice by refusing to bargain during its court challenge of the certification order. Our affirmance becomes more academic than substantive, however, in light of this court’s opinion reversing PERC’s certification of the union in North Brevard County Hospital District, Inc. v. PERC, 392 So.2d 556 (Fla. 1st DCA 1980). Since the union is no longer the certified bargaining agent, the sanctions sought to be imposed by PERC are no longer appropriate. We suggest, therefore, that a more suitable sanction would be to require the hospital to acknowledge that they have been found guilty of an unfair labor practice in refusing to bargain collectively, and to pledge future compliance with the law.
The order appealed is affirmed insofar as it finds that Jess Parrish Memorial Hospital is guilty of an unfair labor practice, and the cause is remanded to PERC for the purpose of modifying its sanctions in keeping with this court’s suggestion.
ROBERT P. SMITH, J., concurs.
BOOTH, J., dissents with opinion.