BOOTH, Judge,
dissenting:
The majority holds that the public employer can be subjected to sanctions imposed by PERC’s order of December 10, 1979,[1] for failure to bargain with a union whose certification was obtained in direct violation of Florida Statutes, Chapter 447. The union’s certification was held invalid by this court in North Brevard County Hospital District, Inc. v. PERC, 392 So.2d 556 (Fla. 1st DCA 1980), a decision that became final with denial of rehearing on September 9,1980. In the interim, the public employer was unable to obtain a stay, and PERC entered the order herein sought to be reviewed, finding it guilty of failing to bargain with the union. PERC has ordered the employer to post a notice of its violation.[2]
The question is the present enforceability against the public employer of the unfair labor practice order based on refusal to bargain with an organization that has been *991 determined to have violated the fair election and registration provisions of Chapter 447. The majority cites three decisions in support of its decision: Brevard Community College Board of Trustees v. PERC,[3] School Board of Pinellas County v. PERC,[4] and Panama City v. PERC.[5] None of these cases involved an organization whose certification had been revoked. I have found no case wherein an organization whose certification has been held invalid has obtained the aid of the courts in affirming the imposition of sanctions against the employer who refused to bargain.
In the instant case, the union violated basic provisions of Chapter 447, and certification was void ab initio. The better rule under these circumstances holds that the employer who refuses to bargain during the pendency of a challenge to the certification election acts at his peril, but the unfair labor practice order, based on the employer’s refusal to bargain, will not be enforced if the employer’s challenge is successful. This is the “at-peril rule” followed by the Federal Courts in deciding cases under the N.L.R.B., as stated in N.L.R.B. v. W. R. Grace and Company, 571 F.2d 279, 282 (CCA 5th-1978):
[A]n employer who refuses to bargain on the ground that an election is invalid does so at his own risk; if the election challenge proves fruitless, an order by the Board based on the refusal to bargain will be enforced.
See also N. L. R. B. v. Allis-Chalmers Corp., 601 F.2d 870, 874 (CCA 5th 1979); and N. L. R. B. v. Bear Archery, 587 F.2d 812 (CCA 6th 1977).
I respectfully dissent.

. PERC order of December 10, 1979, in pertinent part:
It is well settled in Florida that the appropriate method to challenge the certification of an employee organization is by appeal of the Commission’s certification order... . The petition is presently pending before the First District Court of Appeal. Thus, the Commission does not have jurisdiction to now consider issues relating to Laborers’ certification. ... Consequently, the Hospital’s proposed facts which relate to the validity of the Laborers’ certification are immaterial to the issues raised in this case.
... It is equally well settled that even while an appeal of a certification order is pending, an employer’s duty to bargain continues unless the employer obtains a stay of the certification order.

. The sanction imposed, as modified in the majority opinion, is that the employer post and maintain notice in its facility for 60 consecutive days acknowledging that it has been “found guilty of a unfair labor practice in refusing to bargain collectively, and to pledge future compliance with the law.” PERC has not required any corresponding notice of the union’s violations, thereby giving employees, for whose information the notice is posted, an unfair and inaccurate picture of their employer and the events referred to.

. 376 So.2d 16 (Fla. 5th DCA 1979). Unfair labor practice order affirmed on appeal against employer that did not seek review of PERC’s order of certification, but refused to bargain. Union was validly registered and certified.

. 354 So.2d 909 (Fla. 2d DCA 1978). Unfair labor practice order affirmed, again, on behalf of certified employee organization. The employer claimed that at the time it refused to bargain PERC had not “formally reaffirmed the certification” issued earlier by PERC Chairman.

.333 So.2d 470 (Fla. 1st DCA 1976). Review declined of PERC order defining a bargaining unit and directing an election because order not final. On rehearing, court stated a PERC certification order after election would be considered final for the purposes of judicial review.