491 So.2d 1193 (1986)
Richard John McGRAW, Appellant,
v.
DEPARTMENT OF STATE, DIVISION OF LICENSING, Appellee.
No. BJ-281.
District Court of Appeal of Florida, First District.
July 15, 1986.
*1194 Philip M. Gerson, P.A., Miami, for appellant.
James V. Antista, Sr. Atty., Dept. of State, Div. of Licensing, for appellee.
NIMMONS, Judge.
Richard John McGraw appeals from an order of the Department of State, Division of Licensing ("Department") revoking his Class C private investigator's license. We affirm.
Appellant was found guilty of the felony offense of tampering with a witness under Section 914.22(1), Florida Statutes. Adjudication of guilt was withheld and he was placed on probation for three years. Subsequent thereto, the Department initiated administrative proceedings to revoke appellant's license by filing an administrative complaint alleging as grounds that he had been found guilty of the above offense. The complaint relied upon Section 493.319(1), Florida Statutes, which expressly authorizes disciplinary action where the licensee has been "found guilty of the commission of a crime which directly relates to the business for which the license is held, regardless of adjudication."
At the time that it served the complaint upon appellant, the Department also advised him in writing of his rights under Sections 120.60 and 120.57, Florida Statutes, to an administrative hearing. Appellant was specifically advised that he had a right to a formal hearing under Section 120.57(1) if he disputed the facts upon which the proposed action was based, or an informal hearing under Section 120.57(2) if he did not dispute the facts upon which the proposed agency action was based but wished to "make an explanation of those facts or to submit a written statement or speak on [his] behalf at an informal hearing." Appellant was further advised that he must submit his written request for hearing on the enclosed election of rights form within the required period and that failure to make a timely request for hearing would result in the Department's disposition of the complaint by final order.
Appellant's attorney timely returned the election of rights form specifically requesting a formal hearing under Section 120.57(1). Along with such form appellant's attorney submitted his "Request for Formal Hearing and Statement of Disputed Issues of Fact." That document specifically requested a "formal hearing pursuant to Section 120.57(1), Florida Statutes." Further, the request for hearing essentially admitted that appellant had, as alleged, been found guilty of the above-referred crime and that the "appellate court has affirmed the Respondent's conviction, but a motion for rehearing of the decision is presently pending." The request for hearing went on to allege an exculpatory version of appellant's communications with the witnesses whom he allegedly threatened and that his conduct was not such as to justify revocation of his license. Finally, he listed eight witnesses he intended to call at the requested formal hearing.
Thereafter, the Department entered a final order denying the request for a formal hearing and revoking appellant's license. The order found that appellant was not entitled to administrative relitigation of the prior judicial determination of his guilt of the subject felony and further found that appellant "fail[ed] to raise any disputed issue of fact as to the conviction that is material to the agency action proposed here, so as to warrant a formal administrative hearing."
*1195 Appellant asserts on appeal that the Department erred in entering its final order of revocation without permitting him a formal 120.57(1) hearing. We disagree. To the extent that appellant sought to relitigate the question of his guilt regarding the subject offense, such is improper. To the extent that appellant's petition for hearing sought to present mitigation, an informal hearing under Section 120.57(2), would have provided a forum more than adequate for such purpose.
Appellant has not asserted, either in the proceedings below or on appeal, that the Department erred in failing to provide appellant with a Section 120.57(2) informal hearing. Rather, he has asserted, both below and on appeal, only an entitlement to a formal hearing. For the reasons expressed above, we cannot agree with appellant. The cases relied upon by appellant, exemplified by Gonzalez v. Department of Health and Rehabilitative Services, 418 So.2d 1128 (Fla. 1st DCA 1982) and Larson v. Florida Real Estate Commission, 227 So.2d 886 (Fla. 1st DCA 1969), are inapposite.
We have also considered and reject appellant's assertion that the final order should be reversed because, appellant says, the order was based solely on hearsay.
AFFIRMED.
MILLS and WENTWORTH, JJ., concur.