ZEHMER, Judge.
Owen Castleman appeals the final order of the Comptroller denying his application for registration as an associated person with First United Securities Group of California under section 517.12, Florida Statutes (1987). He raises two points, one of which requires that we reverse and remand for a new hearing.
On October 13, 1986, Castleman filed a form U-4 Application for Securities Industry Registration or Transfer with the Comptroller, as head of the Florida Department of Banking and Finance (the Department). The application sought registration as an associated person to sell or offer to sell securities in Florida under chapter 517, Florida Statutes. The application revealed Castleman’s employment history, as well as his disciplinary history. The disciplinary history reflected administrative action by the states of Arkansas and Tennessee while Castleman was in the securities busi *1366 ness in those states. The Department denied the application for registration on the grounds that Castleman had demonstrated prima facie evidence of unworthiness to transact the business of an associated person in Florida and that he was of bad business repute.[1] Castleman then petitioned for a section 120.57(1) hearing, which was conducted on August 20 and 21, 1987. The purpose of the hearing was to afford petitioner an opportunity to prove his entitlement to licensure under the registration statute. The parties conducted extensive discovery over the ensuing six months, and approximately three days before the scheduled final hearing, Castleman moved for leave to file an amended petition asserting that the Department was es-topped to deny his application for registration. The estoppel theory was based on allegations that the Department previously had approved Castleman’s June 1985 application for registration with knowledge of the Tennessee cease and desist order and the Arkansas suspension order, that the Department’s denial of the current application was not based on any facts occurring after it had approved the June 1985 application, and that Castleman had relied on that June 1985 approval, which included the expenditure of large sums of money and effort in moving to Florida in 1986 to work as an associated person. The hearing officer denied Castleman leave to file the amended petition based on the “close proximity of the proposed amendment and the date of the hearing.”
During the hearing, petitioner presented evidence in support of his' application. The Department then offered evidence of Cas-tleman’s unworthiriess and bad reputation, including the certified copies of the Tennessee and Arkansas disciplinary orders, and that evidence was received without objection. Thereafter, Castleman undertook to testify in rebuttal about the circumstances underlying each of those disciplinary orders and his limited participation in the transactions. The purpose of this testimony was to mitigate or overcome the inference that the disciplinary orders demonstrated his unworthiness to transact the business of an associated person in this state. The Department objected on the ground that the decisions the orders represented could not be relitigated in this proceeding. The hearing officer sustained the objection and excluded such testimony.
After the hearing, the hearing officer entered a recommended order sustaining the Department’s denial of the registration on the stated grounds. Neither party filed any exceptions to the recommended order and the Department accepted the findings of fact and, with but one modification, the conclusions of law, which read in part:
Having considered the provisions of Chapter 517, Florida Statutes, and Chapter 3E-600, Florida Administrative Code, it is concluded that upon each application for initial or reaffiliation registration, the Respondent has the opportunity and obligation to examine the application and substance and where, as here, the applicant is rejected, he must establish his entitlement to registration. Petitioner fails to establish his entitlement to registration in the face of proof concerning his background in Tennessee and Arkansas where disciplinary action was taken against him.
(R. 534).
Castleman raises two issues on this appeal. First, he contends that the hearing officer erred in failing to permit him to testify regarding the facts and circumstances underlying the Arkansas and Tennessee disciplinary orders. Second, he contends that the hearing officer acted improperly by failing to rule that affiliation of appellant’s license was not subject to discretionary denial. In connection with the second point, appellant also argues error in the denial of his motion to file the amended petition alleging estoppel.
*1367 Addressing the second issue first, we do not agree that Castleman’s application for reaffiliation as an associated person was not subject to discretionary review and denial. In State Department of Banking and Finance v. Evans, 540 So.2d 884 (Fla.1st DCA 1988), we held that the provisions in section 517.12, both before and after the amendment to that section by chapter 88-187, Laws of Florida, indicate a legislative intent that reaffiliation registrations of associated persons are to be dealer specific and self-terminating. This means that an application for re-registration after a person’s registration has terminated may be treated by the Department as an initial registration, subject to all of the discretionary review authorized by chapter 517.
We decline to consider appellant’s arguments regarding the merits of the alleged estoppel because the hearing officer and the Department rejected appellant’s attempt to raise those issues based on a procedural ruling without reaching the merits of appellant’s allegations. Since, for the reasons hereinafter stated, the case must be remanded for further hearing, it would be appropriate for the hearing officer to allow the proposed amendment and consider the estoppel issue on its merits.
With respect to appellant’s first issue, we hold that the hearing officer erred in excluding evidence offered by Castleman regarding the facts underlying the Tennessee and Arkansas disciplinary orders. We do so on the rationale that the applicable provisions in chapter 517 do not direct denial of the application merely upon proof that such disciplinary adjudications have occurred. Rather, those provisions require the Department to make a discretionary determination that the applicant is not of good repute and has demonstrated his unworthiness to transact the business of an associated person in order to deny the application. The applicable statutes and rules contemplate that an applicant previously disciplined pursuant to administrative orders may explain and mitigate the circumstances of those transactions in an effort to demonstrate that he is not now a person of bad business repute and unworthy to transact securities business. This rationale is based on the following construction of the statutory provisions and departmental rules implementing the statutes.
Section 517.12(11), Florida Statutes (1987), states, “If the Department finds that the applicant is of good repute and character and has complied with the provisions of this section and the rules made pursuant hereto, it shall register the applicant.” Section 517.161(1), Florida Statutes (1987), provides in part that “Registration under s. 517.12 may be denied ... by the Department if the Department determines that such applicant or registrant: ... (h) has demonstrated his unworthiness to transact the business of dealer, investment adviser, or associated person; ... or (1) is of bad business repute.” The Department’s rule 3E-600.011, Florida Administrative Code, states:
Prima Facie evidence of unworthiness to transact the business of a dealer, investment adviser, principal, or agent in the State of Florida shall include, but shall not be limited to:
[[Image here]]
(2) Any ... administrative order by any state or federal agency ... involving a violation of any federal or state securities law or any rule or regulation promulgated thereunder....
Prima facie evidence has been defined as “evidence which, if unexplained or uncon-tradicted, is sufficient to sustain a judgment in favor of the issue which it supports, but which may be contradicted by other evidence.” Black’s Law Dictionary, verba prima facie evidence, at p. 1071 (5th ed. 1979). In State v. Kahler, 232 So.2d 166 (Fla.1970), the supreme court defined the use of the term “prima facie evidence” *1368 in section 500.151(2), Florida Statutes,[2] as meaning “evidence sufficient to establish a fact unless and until rebutted.” 232 So.2d at 168. In State v. Snowden, 345 So.2d 856, 857 n. 2 (Fla. 1st DCA 1977), this court observed that “the phrase ‘tending to prove’ appears to have been considered as being synonymous with ‘prima facie’.” Thus, the provision in the Department’s rule that administrative disciplinary orders constitute prima facie evidence of unworthiness does not mean such orders conclusively establish that fact, but only that the burden of going forward with evidence explaining or rebutting this information shifts to the applicants. See State v. Kahler, 232 So.2d 166; Hall v. State, 440 So.2d 689 (Fla. 1st DCA 1983).
In this case, the Department, in reliance on the administrative disciplinary orders in the Tennessee and Arkansas proceedings, denied Castleman’s application based on his unworthiness to transact business as an associated person. Since the Department’s rule specifically makes these orders prima facie evidence of unworthiness, the applicant should have been allowed to introduce evidence explaining the circumstances under which the disciplinary orders were entered, including his conduct at the time and any efforts he has made since entry of the orders to demonstrate that he is not unworthy to transact securities business in the state of Florida and is not a person of bad repute.
The Department cites McGraw v. Department of State, Division of Licensing, 491 So.2d 1193 (Fla. 1st DCA 1986) as authorizing exclusion of the subject evidence. McGraw’s private investigator’s license was revoked by the Division of Licensing upon his adjudication of guilt of the felony offense of tampering with a witness in violation of section 914.22(1), Florida Statutes. His license was revoked pursuant to the provisions of section 493.-319(1), Florida Statutes, which, as the decision explains, “expressly authorizes disciplinary action where the licensee has been ‘found guilty of the commission of a crime which directly relates to the business for which the license is held, regardless of adjudication.’ ” 491 So.2d at 1194. The issue before the appellate court was whether McGraw was entitled to a section 120.-57(1) formal hearing to adjudicate disputed issues of fact regarding the adjudications. McGraw’s request for the formal hearing admitted that he had been found guilty of a criminal offense that had become final when affirmed by the appellate court, but his request “went on to allege an exculpatory version of appellant’s communications with the witnesses whom he allegedly threatened and that his conduct was not such as to justify revocation of his license.” Id. at 1194. This court affirmed the denial of the requested formal hearing, stating: “To the extent that appellant sought to relitigate the question of his guilt regarding the subject offense, such is improper. To the extent that appellant’s petition for hearing sought to present mitigation, an informal hearing under section 120.57(2) would have provided a forum more than adequate for such purpose.” Id. at 1195.
The instant case is materially different from the McGraw decision. First; the statute in McGraw specifically authorized the disciplinary action solely upon proof that the licensee had been found guilty of the commission of a crime directly relating to his business. The statute in the instant case allows denial of the application if the applicant has “demonstrated his unworthiness to transact the business” of an associated person in the securities business, and the Department’s rule provides that an adjudication in other proceedings is merely prima facie evidence of such unworthiness. Certainly, since the finding of guilt of the criminal offense was in itself sufficient to support the disciplinary action under the statute in McGraw, that decision properly *1369 held that appellant would not be permitted to relitigate the question of his guilt determined in the other proceeding. In the present case, however, the disciplinary orders entered in the Tennessee and Arkansas administrative proceedings were only prima facie proof of unworthiness, a fact not in issue and adjudicated in those proceedings, so the applicant had to be given an opportunity to explain and rebut the inference of unworthiness predicated on the existence of those orders. Moreover, the holding in McGraw was only that he was not entitled to a section 120.57(1) formal hearing, and the court fully recognized that the licensee could present his explanation in mitigation in a section 120.57(2) informal proceeding.
The final order is reversed and the cause is remanded for further proceedings before the hearing officer in accordance with this opinion.
REVERSED AND REMANDED.
SHIVERS and BARFIELD, JJ„ concur.

. There was a further reference to alleged material false statements by Castleman, but this ground for license denial is not involved in this proceeding because the parties stipulated prior to the administrative hearing to strike the reference to the alleged material false statements.

. At the time of that decision that section read: The possession of a drug under subsection (1) not properly labeled to indicate that possession is by a valid prescription of a practitioner licensed by law to administer such drug by any person not exempted under this section shall be prima facie evidence that such possession is unlawful.