GERSTEN, Judge.
Marcos D. Hernandez appeals from a final administrative order denying him a formal hearing after being refused a repos-sessor license. For the following reasons, we reverse.
Hernandez holds a class “EE” reposses-sor intern license. When Hernandez sought to upgrade his license, the Department of State, Division of Licensing (Department) denied him the upgraded license on the grounds that Hernandez had a felony conviction and had made a fraudulent or willful misrepresentation in his application for a license.
Hernandez then filed a request for a formal hearing which, inter alia, specifically refuted both the allegation of fraud or willful misrepresentation in his application for a license, and “any and all of the allegations” in the Department’s denial of his application. The Department denied Hernandez’ request for a hearing, stating that Hernandez had failed to “question the circumstances surrounding his conviction” and because “there were no disputed issues of material fact”.
The Department relies on McGraw v. Department of State, Division of Licensing, 491 So.2d 1193 (Fla. 1st DCA 1986), for its contention that Hernandez is not entitled to a formal hearing. In McGraw, the appellant-applicant admitted to having been convicted, of a felony but sought to present exculpatory evidence. The First District *1175 Court of Appeal, construing section 493.-319(8), Florida Statutes (1987), found “[t]o the extent that appellant sought to reliti-gate the question of his guilt regarding the subject offense,” a hearing was improper. McGraw, 491 So.2d at 1195.
We find McGraw to be inapplicable to the instant case because in this case the applicant has not sought to relitigate his prior conviction but, instead, has denied the underlying allegations that form the basis of the Department’s decision to deny him an upgraded license. By denying the Department’s allegations, Hernandez has raised issues of law and fact which require an evidentiary hearing. The Department’s denial of a license, and, its summary denial of a hearing on matters of disputed fact, is anathema to fundamental due process and the most basic of rights — a fair hearing. Where there are matters of disputed fact, a hearing is required. Village Saloon, Inc. v. Division of Alcoholic Beverages and Tobacco, Department of Business Regulation, 463 So.2d 278 (Fla. 1st DCA 1984); City of Jacksonville Beach v. Florida Public Employees Relations Commission, 371 So.2d 1045 (Fla. 1st DCA 1979).
The final order denying a formal administrative hearing is reversed and remanded for proceedings not inconsistent with this opinion.