838 So.2d 676 (2003)
Michael SPUZA, M.D., Appellant,
v.
DEPARTMENT OF HEALTH and Board of Medicine, Appellees.
No. 2D02-19.
District Court of Appeal of Florida, Second District.
March 5, 2003.
*677 Jon M. Pellett of Barr, Murman, Tonelli, Slother & Sleet, Tampa, for Appellant.
Pamela H. Page, Senior Attorney, Department of Health, Tallahassee, for Appellee.
NORTHCUTT, Judge.
The Department of Health revoked Dr. Michael Spuza's license to practice medicine after an informal proceeding. See § 120.57(2), Fla. Stat. (2001). Spuza contends the Department should have given him a formal hearing. We agree and reverse for further proceedings.
Before this administrative license revocation proceeding began, Spuza was arrested on federal charges of receiving kickbacks in exchange for Medicare referrals and for conspiracy to defraud the United States. Spuza pleaded not guilty to these criminal charges, but was found guilty after a trial. He appealed his conviction and sentence to the Eleventh Circuit Court of Appeals. In that appeal, the government conceded that Spuza had not fraudulently billed the Medicare program or falsified any medical records. The Eleventh Circuit concluded that the government had not proved Spuza's conduct caused harm to the Medicare program. United States v. Liss, 265 F.3d 1220 (11th Cir.2001). It upheld Spuza's conviction, but vacated his sentence.
When Florida's Agency for Health Care Administration learned of the charges against Spuza it began an investigation on behalf of the Department. After Spuza's conviction, the Agency presented his case to the Board of Medicine for a determination of probable cause. The Board concluded there was probable cause to believe that Spuza had violated section 458.331(1)(c), Florida Statutes (2001), and it directed the Department to file an administrative complaint against Spuza's license. Section 458.331(1)(c) provides:
(1) The following acts constitute grounds for denial of a license or disciplinary action, as specified in s. 456.072(2):
* * *
(c) Being convicted or found guilty of, or entering a plea of nolo contendere to, regardless of adjudication, a crime in any jurisdiction which directly relates to the practice of medicine or to the ability to practice medicine.
Spuza was served with the complaint and an Election of Rights form. The form stated that if Spuza disputed any material facts alleged in the complaint he could request a formal hearing and the appointment of an administrative law judge. Spuza notified the Department that he disputed all material facts in the complaint and that he requested a formal hearing. The Agency responded that its prosecutor had determined there was no dispute of material fact because it had a copy of Spuza's conviction. It advised Spuza that if he had *678 any evidence disputing the facts in the complaint, he should forward that evidence to the Agency within five days of the date of the letter. If the Agency did not hear from Spuza, it advised it would forward Spuza's case to the Board of Medicine for an informal hearing. Without waiting for a response from Spuza, the Agency forwarded his case to the Board for an informal hearing. It also filed a motion for final order, alleging that there were no disputed material facts because of the conviction.
Spuza, through counsel, objected to the informal hearing. He submitted materials and a written argument stating the basis of his request for a formal hearing. His lengthy filing disputed both whether his conviction "related to the practice of medicine" and whether the Medicare program had been harmed by his conduct, an issue of fact relating to the penalty that could be imposed under Florida Administrative Code Rule 64B8-8.001.
Despite Spuza's objections, the Board considered his case at an informal hearing and revoked his medical license. During the hearing, Spuza again asked the Board to terminate the proceeding and refer the matter for a formal hearing, but the Board refused. The final order revoking Spuza's license stated that the Board had considered both aggravating and mitigating factors in reaching its decision, but it did not state what these factors were. The order noted that Spuza had requested a formal hearing, but the Board did not find any dispute in the material facts.
The Department took the position that Spuza's conviction, in itself, was sufficient to prove a violation of section 458.331(1)(c), that there were no disputes of fact, and that a formal hearing under section 120.57(1) was not required. It cited McGraw v. Department of State, Division of Licensing, 491 So.2d 1193 (Fla. 1st DCA 1986), in support of its position. The McGraw court held that "[t]o the extent that appellant sought to relitigate the question of his guilt regarding the subject offense," a formal hearing was unnecessary. But Spuza was not attempting to relitigate his convictions. Rather, he claimed that the convictions did not "relate[ ] to the practice of medicine or the ability to practice medicine." See § 458.331(1)(c). While the certified copy of the conviction certainly established that Spuza was found guilty of crimes, it did not, in itself, establish that the crimes were related to the practice of medicine. See § 458.305(3) (defining the practice of medicine to mean "the diagnosis, treatment, operation, or prescription for any human disease, pain, injury, deformity, or other physical or mental condition"). We conclude that Spuza raised questions of law and fact that required an evidentiary hearing. The Department erred in denying him the formal hearing he so adamantly requested. See Hernandez v. Dept. of State, Div. of Licensing, 546 So.2d 1174 (Fla. 3d DCA 1989).
In addition, at the informal hearing before the Board, material disputes of fact arose concerning whether Spuza's crimes warranted the penalty the Board imposed. Spuza's counsel argued that Spuza's crimes had not caused any harm to the Medicare program and that he should not be disciplined on that basis. The transcript of the hearing reflects that some Board members relied on the amount of restitution ordered in the criminal case to determine the appropriate penalty. See Fla. Admin. Code R. 64B8-8.001(c). But, as Spuza's counsel pointed out, in its review of Spuza's conviction the Eleventh Circuit concluded that the government had offered no evidence that the Medicare program suffered any loss attributable to the kickbacks Spuza accepted. 265 F.3d at *679 1232. The amount of Spuza's restitution was based on those kickbacks, not on any loss to Medicare. The Board should have terminated the proceeding and convened a formal hearing. See Klein v. Dep't of Bus. & Prof'l Regulation, 625 So.2d 1237, 1238-39 (Fla. 2d DCA 1993); see also Mixon v. Dep't of State, Div. of Licensing, 686 So.2d 755, 756 (Fla. 1st DCA 1997).
We reverse the order revoking Spuza's license to practice medicine, and we remand with directions to grant him a formal hearing under section 120.57(1).
FULMER, J. and THREADGILL, EDWARD F., SENIOR JUDGE, Concur.